# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,
Plaintiff and Respondent,

v.

LARRY LEE FLETCHER et al.,
Defendants and Appellants.

S281282

Fourth Appellate District, Division Two
E077553

Riverside County Superior Court
BAF2001566

---

August 25, 2025

Justice Liu authored the opinion of the Court, in which Justices Kruger, Groban, and Evans concurred.

Chief Justice Guerrero filed a dissenting opinion, in which Justices Corrigan, and Jenkins concurred.

---

PEOPLE v. FLETCHER

S281282


Opinion of the Court by Liu, J.


The "Three Strikes" law is a sentencing scheme that requires a court to double or sometimes triple the punishment for a felony offense if the defendant was previously convicted of a crime that qualifies as a "serious" or "violent" felony. (Pen. Code, §§ 667, subd. (e), 1170.12, subd. (c); all undesignated statutory references are to this code.) The "serious" or "violent" felonies that trigger this sentencing scheme, commonly referred to as "strikes" or "strike priors," are enumerated by statute. (§§ 1192.7, subd. (c), 667.5, subd. (c).) If a defendant's current offense is a serious felony, the defendant is also subject to a five-year prior serious felony enhancement — a so-called "nickel prior" — in addition to any strike. (§ 667, subd. (a)(1).) The list of "serious" felonies includes "any felony offense, which would also constitute a felony violation of Section 186.22." (§ 1192.7, subd. (c)(28).) Section 186.22 defines substantive gang offenses and gang enhancements.

In 2021, the Legislature amended section 186.22 with the passage of Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333), enacting the STEP Forward Act of 2021. (Stats. 2021, ch. 699, § 1.) Among other things, Assembly Bill 333 changed the elements of gang offenses and enhancements by narrowing the definitions of "criminal street gang," "pattern of criminal activity," and "what it means for an offense to have commonly benefitted a street gang." (*People v. Tran* (2022) 13 Cal.5th 1169, 1206 (*Tran*); see § 186.22,

subds. (f), (g), as amended by Stats. 2021, ch. 699, § 4.) We held in *Tran* that Assembly Bill 333 is ameliorative legislation that applies to nonfinal judgments under the rule of *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). (*Tran*, at pp. 1206–1207.)

We granted review in this case to decide whether Assembly Bill 333 applies to a sentencing court's determination of whether a defendant's conviction under the prior version of section 186.22 qualifies as a prior serious felony conviction for purposes of prior serious felony enhancements and the Three Strikes law and, if so, whether its application constitutes an improper legislative amendment of a ballot initiative. The issue has divided the Courts of Appeal. (Compare *People v. Farias* (2023) 92 Cal.App.5th 619, 652, review granted Sept. 27, S281027 [Assembly Bill 333 does apply] with *People v. Scott* (2023) 91 Cal.App.5th 1176, 1181–1182, review granted Sept. 27, 2023, S280776 (*Scott*) [Assembly Bill 333 does not apply]; *People v. Aguirre* (2023) 96 Cal.App.5th 488, 495, review granted Jan. 10, 2024, S282840 (*Aguirre*) [same]; *People v. Gonzalez* (2024) 98 Cal.App.5th 1300, 1311, review granted Apr. 10, 2024, S284060 [same].) Although the relevant statutes are not paragons of clarity, we conclude that where a defendant has suffered a conviction under the prior version of section 186.22, Assembly Bill 333 applies to the determination of whether the conviction qualifies as a prior serious felony conviction under subdivision (c)(28) of section 1192.7 for purposes of the Three Strikes law and prior serious felony enhancements. And it applies to the case before us because Fletcher's and Taylor's judgments are not yet final. Further, such application of Assembly Bill 333 does not unconstitutionally amend any ballot initiative.

## I.

In December 2020, defendants Larry Lee Fletcher and Eric Anthony Taylor, Jr., approached a customer (John Doe) in a liquor store in Hemet, California. Fletcher and Taylor were members of the Four Corner Hustler Crips criminal street gang. Fletcher asked Doe where he was from. Doe left the liquor store and got in his car; Fletcher and Taylor followed. Witnesses heard gunshots near the car before it started driving away. Fletcher and Taylor were seen firing multiple shots at Doe's retreating car.

In a joint trial, a jury convicted Fletcher and Taylor of willful, deliberate, and premeditated attempted murder (count 1) (§§ 664, subd. (a), 187, subd. (a)) and found true the allegations that they had committed the attempted murder for the benefit of a criminal street gang (§ 186.22, subd. (b)(5)) and had each personally and intentionally discharged a firearm (§§ 12022.53, subd. (c), 1192.7, subd. (c)(8)). In addition, Fletcher and Taylor were each convicted of active participation in a criminal street gang (count 2) (§ 186.22, subd. (a)); unlawful possession of a firearm (counts 3 [Taylor] and 4 [Fletcher]) (§ 29800, subd. (a)(1)) with a true finding as to Taylor that he was personally and intentionally armed with a deadly weapon (§ 667, subd. (e)(2)(C)(iii)); assault with a semiautomatic firearm (count 5) (§ 245, subd. (b)) with true findings on the personal use of a firearm (§§ 12022.5, subd. (a), 1192.7, subd. (c)(8)) and commission of the assault for the benefit of a criminal street gang (§ 186.22, subd. (b)); and willful discharge of a firearm at an occupied motor vehicle (count 6) (§ 246) with a true finding that the willful discharge was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(4)(B)).

The trial court then conducted a bench trial on alleged strike priors. Fletcher was alleged to have one prior serious felony conviction, and Taylor was alleged to have two. After considering the evidence on the alleged prior convictions, the trial court found "beyond a reasonable doubt" that Fletcher and Taylor were each previously convicted in 2015 of one count of unlawful possession of a firearm (§ 29800, subd. (a)(1)) with the additional finding that the possession was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(A)). Although the possession charge by itself did not qualify as a serious felony or a strike prior, the trial court concluded that the gang enhancement attached to the conviction made it a qualifying offense for the prior serious felony enhancement and the Three Strikes law. (§§ 1192.7, subd. (c)(28), 667, subds. (c), (d)(1), 1170.12, subds. (a), (b)(1).) The court additionally found that Taylor was previously convicted in 2011 of attempted first degree burglary (§§ 664, 459), which qualified as a serious felony (§ 1192.7, subd. (c)(18)) and a second strike.

The trial court sentenced Fletcher and Taylor under the Three Strikes law. Fletcher was sentenced to the upper term of 15 years to life for attempted murder (count 1), which was doubled under the Three Strikes law for a total indeterminate term of 30 years to life. For active participation in a criminal street gang (count 2), the court sentenced Fletcher to the upper term of three years, which was doubled for a total of six years. This sentence was stayed pursuant to section 654. For unlawful possession of a firearm (count 4), the court imposed the upper determinate term of six years, to be served at "one third the middle term" for a determinate sentence of one year and four months. The court also imposed a 20-year enhancement on the attempted murder charge (count 1) for the personal and

intentional discharge of a firearm (§ 12022.53, subd. (c)) and a five-year enhancement for Fletcher's prior serious felony conviction (§ 667, subd. (a)). This resulted in a total determinate term of 26 years and four months. In all, Fletcher was sentenced to 56 years and four months to life.

Taylor was also sentenced to the upper term of 15 years to life for attempted murder (count 1), but because he had two strikes, his sentence was tripled under the Three Strikes law for an indeterminate term of 45 years to life. His two strikes also resulted in a sentence of 25 years to life for unlawful possession of a firearm (count 3), to be served consecutively for a total indeterminate term of 70 years to life. For active participation in a criminal street gang (count 2), the court sentenced Taylor to 25 years to life but stayed this sentence pursuant to section 654. In addition to his indeterminate term, the court imposed a 20-year enhancement on the attempted murder charge (count 1) for the personal and intentional discharge of a firearm (§ 12022.53, subd. (c)) and two five-year enhancements for Taylor's two prior serious felony convictions (§ 667, subd. (a)). This resulted in a total determinate term of 30 years. In all, the court sentenced Taylor to 100 years to life.

Fletcher's and Taylor's cases were jointly on appeal when Assembly Bill 333 went into effect on January 1, 2022. (Stats. 2021, ch. 699.) The Attorney General conceded that Assembly Bill 333 applied retroactively under *Estrada* and required reversal of Fletcher's and Taylor's nonfinal convictions for participation in a criminal street gang (count 2) as well as the gang enhancements on counts 1, 5, and 6. The Court of Appeal accordingly reversed the active gang participation count and the gang enhancements and remanded "to give the prosecution an opportunity to retry them under the new

standards." (*People v. Fletcher* (2023) 92 Cal.App.5th 1374, 1382 (*Fletcher*).) Neither party disputes this aspect of the Court of Appeal's holding.

Fletcher and Taylor also argued that Assembly Bill 333 required reversal of the trial court's true findings that their 2015 convictions for unlawful firearm possession constituted a serious felony and a strike prior. As they explained, the gang enhancement attached to this conviction is what makes the firearm possession offense a "serious felony." And in their view, because Assembly Bill 333 changed the elements of a gang enhancement, the trial court's finding that Fletcher and Taylor suffered the 2015 convictions is insufficient to establish that those convictions presently qualify as serious felonies or strike priors. Before the Court of Appeal, the Attorney General initially agreed with defendants but then reversed course in a supplemental letter brief.

The Court of Appeal held that applying Assembly Bill 333 "to serious felony and strike priors premised on violations of section 186.22 . . . would constitute an improper legislative amendment of a ballot initiative." (*Fletcher*, *supra*, 92 Cal.App.5th at p. 1379.) According to the court, interpreting Assembly Bill 333 to require that defendants' 2015 gang enhancements satisfy the current version of section 186.22 conflicted with the so-called "lock-in provisions" of Proposition 21 and Proposition 36. (*Fletcher*, at p. 1381.) These provisions set the list of serious felonies for purposes of the Three Strikes law as of a specific date. (Prop. 21, as approved by voters, Primary Elec. (Mar. 7, 2000) §§ 14, 16 (Proposition 21); Prop. 36, as approved by voters, Primary Elec. (Nov. 6, 2012) §§ 3, 5 (Proposition 36).) The Court of Appeal reasoned that because Assembly Bill 333 was passed without a

supermajority of the Legislature and became effective without voter approval, its application to the findings on defendants' 2015 gang enhancements would "run[] afoul of constitutional requirements regarding legislative amendment of ballot initiatives." (*Fletcher*, at p. 1381.)

We granted review.

## II.

The Legislature enacted Assembly Bill 333 "to narrow the definition of criminal street gang in order to focus on 'true gang-related crimes,' having determined that 'in practice the original definition of a criminal street gang was not narrowly focused on punishing true gang-related crimes.' [Citation.] . . . [T]he Legislature in Assembly Bill 333 'redefined the term "criminal street gang" so as to truly target the population of criminals for which an enhanced punishment is warranted.' " (*People v. Rojas* (2023) 15 Cal.5th 561, 576 (*Rojas*); see Assem. Com. on Public Safety, Analysis of Assem. Bill 333, as amended Mar. 30, 2021, p. 4 [Assembly Bill 333 " 'ensur[es] gang enhancements are only used when necessary and fair' "].) As noted, Assembly Bill 333 made significant changes to the elements of gang offenses and enhancements as defined in section 186.22. (*Tran*, *supra*, 13 Cal.5th at p. 1206.) We have held that under *Estrada* those changes to section 186.22 are retroactive to all cases, such as Fletcher's and Taylor's, that were pending on appeal when Assembly Bill 333 went into effect. (*Tran*, at pp. 1206–1207.)

Defendants do not contest the finality of their 2015 convictions for unlawful firearm possession with a gang enhancement, nor do they argue that Assembly Bill 333 calls into question the validity of those convictions. Rather, they contend that the determination of whether those 2015

convictions qualify as prior serious felony convictions under the Three Strikes law and under the nickel prior statute (§ 667, subd. (a) (section 667(a)) is a determination made in the present proceeding under current law. Accordingly, they argue, the prosecution must prove that their 2015 convictions qualify as prior serious felony convictions under the current version of section 186.22, not under the pre-Assembly Bill 333 version in effect at the time of their 2015 convictions. As Fletcher puts it, "if the People intend to use appellant's 2015 gang-related felony conviction to increase the sentence in his current case, the People can 'not simply rely on the fact defendant had suffered a conviction for violating section 186.22[].' Rather, the People must prove that appellant's prior conviction constituted a gang felony under AB 333."

We begin by examining the Three Strikes law, which was enacted "to ensure longer prison sentences and greater punishment" for repeat offenders. (Former § 667, subd. (b), as amended by Stats. 1994, ch. 12, § 1, pp. 71, 72.) While commonly referred to as a single law, the Three Strikes law actually " 'consists of two, nearly identical statutory schemes.' " (*People v. Conley* (2016) 63 Cal.4th 646, 652.) In 1994, the Legislature enacted the statutory version of the law (Stats. 1994, ch. 12, § 1, p. 71, codified at § 667, subds. (b)–(i)); later that year, the voters enacted a nearly identical measure by initiative (Prop. 184, as approved by voters, Gen. Elec. (Nov. 8, 1994), eff. Nov. 9, 1994 (Proposition 184), codified at § 1170.12). "These two parallel enactments have reposed, somewhat cumbersomely, in the code since that time." (*People v. Henderson* (2022) 14 Cal.5th 34, 43 (*Henderson*).)

In addressing the issue before us, the parties and various Courts of Appeal have focused on two features of the Three

Strikes law: the lock-in provision and the determination clause. They have suggested that these provisions resolve which law — current law, the law at the time of the prior conviction, or some other variation — governs whether a prior conviction qualifies as a strike prior or a nickel prior. (See, e.g., *Fletcher*, *supra*, 92 Cal.App.5th at p. 1381 [relying on the lock-in provision]; *People v. Gonzalez*, *supra*, 98 Cal.App.5th at p. 1311 [relying on the determination clause].) As explained below, while these provisions illuminate some aspects of the prior serious or violent felony determination, we are not persuaded that either one answers the question before us. Nor do we attempt, as the Courts of Appeal have done, to comprehensively resolve what version of the substantive law of a felony offense governs the strike prior or nickel prior determination for every serious or violent felony. (See §§ 1192.7, subd. (c)(1)–(43), 667.5, subd. (c)(1)–(24).) We narrowly conclude that with regard to prior convictions like Fletcher's and Taylor's that are premised on violations of section 186.22, current law applies in determining whether they qualify as prior serious felony convictions under section 1192.7, subdivision (c)(28).

## A.

The lock-in provision and the determination clause were enacted as part of the original statutory and initiative versions of the Three Strikes law and have been amended over the years. The meaning of those provisions is a question of law, which we review de novo. (*Apple, Inc. v. Superior Court* (2013) 56 Cal.4th 128, 135.) " ' "In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction." ' " (*Henderson*, *supra*, 14 Cal.5th at p. 50.) Our task is to determine the intent of the electorate or the Legislature, and in determining that intent, " ' "we turn first to the language of the

statute, giving the words their ordinary meaning." . . . But the statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme. . . . We apply a presumption, as we similarly do with regard to the Legislature, that the voters, in adopting an initiative, did so being "aware of existing laws at the time the initiative was enacted." ' " (*Ibid.*)

We begin with the lock-in provision, which is not materially different in the legislative and initiative versions of the statute. (§§ 667.1, 1170.125.) To elucidate its meaning, we first observe that the Three Strikes law defines a prior "serious" felony conviction by reference to a list of offenses contained in section 1192.7, subdivision (c) (section 1192.7(c)). (See §§ 667, subd. (d) ["Notwithstanding any other law and for the purposes of subdivisions (b) to (i), inclusive, a prior conviction of a serious . . . felony shall be defined as: [¶] (1) . . . an offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state."], 1170.12, subd. (b)(1) (section 1170.12(b)(1)) [same reference to section 1192.7(c)].) As originally enacted, the Three Strikes law provided that "[a]ll references to existing statutes in subdivisions (c) to (g), inclusive, are to statutes as they existed on June 30, 1993" (Stats. 1994, ch. 12, § 1, p. 71; see Prop. 184, § 2, eff. Nov. 9, 1994 [same]), and various amendments have maintained this language while updating the specified date. This provision, by its terms, serves to lock in the list of serious felonies in section 1192.7(c) as it existed on the specified date.

The lock-in provision's amendment history illuminates its function when viewed alongside the expansion of the list of serious felonies in section 1192.7(c). After June 30, 1993, "the Legislature classified additional crimes as serious" by amending the list in section 1192.7(c) "but did not amend the [lock-in]

provision to add convictions for these crimes for use as strike priors under the Three Strikes law." (*People v. Johnson* (2015) 61 Cal.4th 674, 683 (*Johnson*).) In other words, the effective date of the list of serious felonies remained the same (June 30, 1993) even as the list was expanded. This meant that certain prior convictions "did not qualify as strike prior convictions despite the fact that the current offense was committed after these particular prior offenses had been classified as serious or violent." (*Id.* at p. 684.)

In 2000, Proposition 21 "addressed this issue" by updating the original June 30, 1993 lock-in date to Proposition 21's effective date of March 8, 2000 so that the serious felonies added to section 1192.7(c) up to and on that date would count as strike priors. (*Johnson, supra,* 61 Cal.4th at p. 684; see Prop. 21, §§ 14, 16; *Rojas, supra,* 15 Cal.5th at p. 573; *Manduley v. Superior Court* (2002) 27 Cal.4th 537, 577, fn. 11.) This harmonized the list of strike priors with the then-current list of serious felonies under section 1192.7(c), including Proposition 21's expansion of that list to include "any felony offense, which would also constitute a felony violation of section 186.22." (§ 1192.7(c)(28), added by Prop. 21, § 17.) But this harmony was short-lived; in 2002, the Legislature added a new serious felony (the use of a weapon of mass destruction) to section 1192.7(c) without amending the lock-in provision. (Stats. 2002, ch. 606, § 3, eff. Sept. 17, 2002.) Four years later, the Legislature again updated the lock-in date to September 20, 2006, thereby including the new serious felony as a qualifying offense for a strike prior. (Stats. 2006, ch. 337, § 37, eff. Sept. 20, 2006.)

In a similar fashion, Proposition 36 updated the lock-in date to November 7, 2012 for offenses committed on or after that

date. (Prop. 36, §§ 3, 5.) More recently, the Legislature simultaneously added a new serious felony (human trafficking of a minor) to the list in section 1192.7(c) and changed the lock-in date to the effective date of the new law. (Stats. 2023, ch. 230, § 1, eff. Jan. 1, 2024.) This meant that the new offense could be alleged as a strike as of the law's effective date, without the lag created by previous amendments that had expanded the list of serious felonies without changing the lock-in date.

The Court of Appeal in this case construed the lock-in provision to lock in not only the list of serious felonies in section 1192.7(c) as of the specified date (as relevant here, November 7, 2012), but also the underlying definitions or elements of the felonies listed in section 1192.7(c), including section 186.22 as referenced in section 1192.7(c)(28). (*Fletcher*, *supra*, 92 Cal.App.5th at pp. 1380–1381; see *id.* at p. 1381 [concluding from the lock-in provision that "the definition of a serious felony for purposes of the Three Strikes law is what constituted a serious felony in 2012"]; accord, *People v. Gonzalez*, *supra*, 98 Cal.App.5th at p. 1311; *Aguirre*, *supra*, 96 Cal.App.5th at p. 497.) But, as the Attorney General explains, the lock-in provisions of the legislative and initiative versions of the Three Strikes law "were not designed to alter the basic principles governing how courts make the serious felony determination. Rather, the lock-in provisions are simply a method by which the electorate and the Legislature sought to ensure measured implementation of which offenses may be used as strike priors." For pre-Proposition 21 additions to the list of serious felonies, the June 30, 1993 lock-in date delayed the use of those prior convictions as strikes despite their new status as serious felonies. By contrast, Senate Bill No. 14's (2023–2024 Reg. Sess.) recent simultaneous addition to the serious felony

list and amendment to the lock-in date meant that new additions to the list were immediately available as strikes. And the electorate's updates to the lock-in date with the passage of Proposition 21 and Proposition 36 ensured that any prior additions to section 1192.7(c)'s list of serious felonies would count as strikes for any offenses committed on or after the effective dates of those initiatives.

The lock-in provision thus regulates the timing by which offenses added to the serious felony list become available to be alleged as strikes. The Legislature and electorate have consistently understood the provision this way, and no party here contends that the lock-in provision additionally regulates the relevant date for determining the elements of offenses on the serious felony list. In sum, we find unpersuasive the Court of Appeal's reasoning that the lock-in provision locks in not only the list of serious felonies in section 1192.7(c) but also the elements of those felonies as they existed on the lock-in date.

## B.

We turn now to the determination clause. As originally enacted, the clause in both versions of the Three Strikes law provided: "The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor." (Stats. 1994, ch. 12, § 1, codified at § 667, subd. (d)(1) (section 667(d)(1)); see Prop. 184, § 1.) In 2012, Proposition 36 amended the initiative version of the clause to read: "The determination of whether a prior conviction is a prior *serious or violent* felony conviction for purposes of this section

shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor." (Prop. 36, § 4, codified at § 1170.12, subd. (b)(1) (section 1170.12(b)(1)), italics added.)

The Courts of Appeal in *People v. Gonzalez* and *Scott* held that the "plain language" of the determination clause, both the legislative and initiative versions, "compels the conclusion that the status of defendant's prior conviction as a strike was fixed upon the date of his prior conviction." (*People v. Gonzalez*, *supra*, 98 Cal.App.5th at p. 1311.) "In other words, 'the Legislature intended that the qualifying status of a conviction would be *fixed* upon the date of the prior conviction . . . .' (*People v. Anderson* (1995) 35 Cal.App.4th 587, 600, italics added.) This 'mean[s] that the court is presently required to look backward to see if, at the time of the conviction of the past offense, such past offense qualified as a serious or violent offense . . . .' (*People v. Green* (1995) 36 Cal.App.4th 280, 283.) It therefore does not matter if the definition of a strike has subsequently changed." (*Scott*, *supra*, 91 Cal.App.5th at pp. 1181–1182.)

Although the quoted language from *Anderson* and *Green* appears to support the position taken in *Scott* and *People v. Gonzalez*, the issue is not so simple. We begin by tracing the interpretation of the determination clause as originally enacted; the text remains unchanged in the legislative version of the statute. (§ 667(d)(1).) We then examine the initiative version of the determination clause as amended in 2012 by Proposition 36. (§ 1170.12(b)(1).)

**1.**

As an initial matter, the meaning of the determination clause is not clear as a matter of plain language. *Anderson* and *Green* were among several cases in the 1990s addressing whether felony convictions that preceded the Three Strikes law's effective date could qualify as strikes under the original terms of the determination clause (§ 667(d)(1)). (See *People v. Anderson, supra,* 35 Cal.App.4th at pp. 600–601 (*Anderson*); *People v. Green, supra,* 36 Cal.App.4th at pp. 282–284 (*Green*); *People v. Sipe* (1995) 36 Cal.App.4th 468, 476–478 (*Sipe*); *People v. Reed* (1995) 33 Cal.App.4th 1608, 1610–1612 (*Reed*); *Gonzales v. Superior Court* (1995) 37 Cal.App.4th 1302, 1306–1310 (*Gonzales*).) The defendants in those cases argued that the phrase "[t]he determination of whether a prior conviction is a prior felony conviction . . . shall be made *upon* the date of that prior conviction" (§ 667(d)(1), italics added) means that the determination "must be made *at the time* of the prior conviction — which cannot have occurred with convictions predating the Three Strikes law." (*Reed*, at p. 1610; see *ibid.* [noting "ambiguity . . . in the law's use of the word 'upon' "]; *Gonzales*, at p. 1310 [noting "the admittedly awkward language of the 'determination clause' "].) The Courts of Appeal uniformly rejected that contention in light of the Three Strikes law's purpose of punishing recidivism and the fact that "[t]here is no reason . . . to require a court to determine whether a conviction may serve as a 'strike' unless and until the defendant commits another felony." (*Sipe*, at p. 478.) They construed section 667(d)(1) to require the "determination" at issue "to be made [not] *at the time* of the prior conviction, but simply *by reference to* the date of the prior conviction." (*Reed*, at p. 1612;

see *Anderson*, at p. 601; *Gonzales*, at pp. 1308, 1310; *Green*, at p. 283; *Sipe*, at p. 478.)

In stating this holding, however, the courts differed in the language they used to describe the "determination" at issue. *Reed* interpreted the statute to mean that "whether a prior conviction is a 'strike' " is to be determined by reference to the date of the prior conviction. (*Reed, supra*, 33 Cal.App.4th at p. 1612.) *Green* said the relevant determination is whether the "past offense qualified as a serious or violent offense" at the time of that conviction. (*Green, supra*, 36 Cal.App.4th at p. 283.) And *Anderson* said "the qualifying status of a conviction" — presumably meaning the conviction's status as a strike — "would be determined in reference to th[e] date" of conviction. (*Anderson, supra*, 35 Cal.App.4th at pp. 600, 601.)

By contrast, other cases took a narrower view. Emphasizing the statutory language that follows the determination clause, they concluded that the relevant "determination" in section 667(d)(1) is not whether a prior conviction is a strike but more specifically whether a prior conviction is for a felony as opposed to a misdemeanor. (See *Sipe, supra*, 36 Cal.App.4th at pp. 476–478; *Gonzales, supra*, 37 Cal.App.4th at p. 1308.) In full, section 667(d)(1) provides that a prior serious or violent felony conviction shall be defined as: "An offense defined in subdivision (c) of Section 667.5 as a violent felony or an offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a

misdemeanor. The following dispositions shall not affect the determination that a prior conviction is a prior felony for purposes of subdivisions (b) to (i), inclusive: [¶] (A) The suspension of imposition of judgment or sentence. [¶] (B) The stay of execution of sentence. [¶] (C) The commitment to the State Department of State Hospitals as a mentally disordered sex offender following a conviction of a felony. [¶] (D) The commitment to the California Rehabilitation Center or any other facility whose function is rehabilitative diversion from the state prison."

The Court of Appeal in *Sipe* observed that the determination clause is part of a longer sentence in section 667(d)(1) and explained that "[t]he balance of the sentence provides the sentence imposed shall not affect the determination, unless 'the sentence automatically, upon initial sentencing, converts the felony to a misdemeanor.' (§ 667, subd. (d)(1).) The statute then sets forth various dispositions that will not affect the felony/misdemeanor determination. Read in context, the 'determination' at issue must be whether the prior conviction 'is a prior *felony* conviction' rather than a conviction for a misdemeanor. This determination is made 'upon the date' of the conviction, so subsequent events, such as a reduction to a misdemeanor (§ 17, subd. (b)(3)), will not affect its classification as a felony conviction." (*Sipe*, *supra*, 36 Cal.App.4th at p. 478.) The *Gonzales* court likewise concluded, upon examining "the remaining language of section 667, subdivision (d)(1)," that the determination clause "ensures that post-conviction events will not transform the felony into a misdemeanor (with the sole exception expressed)." (*Gonzales*, *supra*, 37 Cal.App.4th at p. 1308.)

The courts in *Sipe* and *Gonzales* correctly construed the determination clause, consistent with the principle that "[w]e do not examine [statutory] language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment." (*City of San Jose v. Superior Court* (2017) 2 Cal.5th 608, 616.) It is evident from the full text of section 667(d)(1) that the determination clause is intended to preserve the *felony* character of a prior conviction if it was a felony at the time of conviction, notwithstanding any subsequent reduction to a misdemeanor, suspension of judgment or sentence, or other disposition. The only exception is when "the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor." (§ 667(d)(1); cf. *People v. Park* (2013) 56 Cal.4th 782, 794 (*Park*) ["By this language [i.e., section 667(d)(1)], lawmakers made clear their intent to bring within the reach of the Three Strikes law a defendant whose wobbler was reduced to a misdemeanor after the time of initial sentencing."].) As further explained below, the language in *Anderson*, *Green*, and *Reed* suggesting that the relevant "determination" is whether a prior conviction qualifies as a strike — i.e., not only whether the conviction is for a felony, but also whether it is for a *serious* or *violent* felony — was overly broad.

Section 667(d)(1), by its terms, does not address the determination of whether a prior felony conviction qualifies as serious or violent. That determination was the subject of a separate claim brought by early Three Strikes defendants — i.e., that a prior felony conviction could not qualify as a strike if it was not included on the list of serious felonies (§ 1192.7(c)) or violent felonies (§ 667.5, subd. (c)) at the time of conviction.

18

*Gonzales*, *supra*, 37 Cal.App.4th 1302 is instructive. The defendant in that case had suffered prior convictions in 1980 and 1981 for robbery and residential burglary, respectively, both serious felonies on the original lock-in date of June 30, 1993. (*Id.* at p. 1304.) Those convictions, he argued, could not qualify as strikes for two reasons: first, no determination of their status as prior felony convictions was made at the time of conviction, and second, "prior felony convictions, as defined by section 667, subdivision (d), do not include convictions for offenses which were not section 1192.7, subdivision (c) or section 667.5, subdivision (c) offenses at the time of conviction." (*Id.* at p. 1306.) As explained above, the court rejected the first argument, holding that the determination clause "does not require a contemporaneous characterization of a conviction but ensures that post-conviction events will not transform the felony into a misdemeanor (with the sole exception expressed)." (*Id.* at p. 1308.)

As to the second argument, the defendant reasoned that his 1980 and 1981 prior convictions could not qualify as strikes because they predated the 1982 enactment of Proposition 8, which created the "serious felony" list (Prop. 8, as approved by voters, Primary Elec. (June 8, 1982) § 5 (Proposition 8)), and thus did not have the status of "serious felonies" at the time of conviction. The court rejected this argument as follows: "The 'determination clause' requires the ultimate sentencing court to determine whether, as of the date of a prior conviction, a prior conviction was a felony or misdemeanor. It does not require a contemporaneous determination, when the prior conviction occurred, that the conviction constituted a 'strike' or a 'serious felony' or 'violent felony.' This being the case, the Three Strikes law does apply to felony convictions predating March 7, 1994

19

[the Three Strikes law's effective date], which fit the definition of a 'serious felony' or 'violent felony' on the relevant date [June 30, 1993]. The Three Strikes law also applies to felony convictions which were neither 'serious' nor 'violent' felonies at the time of conviction, but which again fit the definition of a 'serious felony' or 'violent felony' on the relevant date [June 30, 1993]." (*Gonzales*, *supra*, 37 Cal.App.4th at p. 1311.) In a footnote, the court underscored that the determination clause addresses only "whether the conviction was a felony or a misdemeanor" and not whether a prior felony qualifies as serious or violent. (*Id.* at p. 1311, fn. 8; see *ibid.* [rejecting contrary language in *Green* as dicta].) The latter determination is made in accordance with the list of serious felonies or violent felonies on the date specified by the lock-in provision.

Subsequent cases uniformly followed this holding. In *People v. Turner* (1995) 40 Cal.App.4th 733 (*Turner*), the defendant, citing the determination clause, "contend[ed] the trial court erred in sentencing him under section 667, subdivisions (b)–(i) because his 1979 robbery conviction was not a serious or violent felony upon the date he committed that offense." (*Id.* at p. 738.) The court agreed with *Gonzales* that the determination clause "only requires a trial court to make a determination whether as of the date of the prior conviction, the crime was a felony or a misdemeanor." (*Id.* at p. 739, citing *Gonzales*, *supra*, 37 Cal.App.4th at pp. 1305–1311.) Application of the Three Strikes law is "not limited to convictions that, when experienced by a felon, qualified as 'serious' or 'violent' felonies. The pertinent issue is whether the prior crime was a 'serious' or 'violent' felony when the new offense for which the defendant is on trial was committed." (*Turner*, at p. 739, fn. omitted; but cf. *People v. Moenius* (1998) 60 Cal.App.4th 820, 827, fn. 6

20

(*Moenius*) [noting that *Turner* misstated the relevant date; "the pertinent issue is whether the prior crime was a serious or violent felony on June 30, 1993 [the applicable lock-in date]"].)

The next case in this line, *Moenius*, similarly held that "a prior serious felony conviction sustained before the effective date of Penal Code section 1192.7 may qualify as a strike." (*Moenius*, *supra*, 60 Cal.App.4th at p. 827.) The defendant, citing the determination clause, argued that his 1974 conviction for second degree burglary could not qualify as a strike because the concept of a "serious felony" did not come into existence until section 1192.7 was enacted in 1982. (*Moenius*, at p. 825.) The court rejected this argument, agreeing with *Gonzales* that the determination clause ensures that "postconviction events will not transform a felony into a misdemeanor" and does not address whether a prior felony is serious or violent. (*Moenius*, at p. 826.) Whether a prior felony is serious or violent is instead determined by the list of offenses in section 1192.7(c) in effect on the applicable lock-in date. (*Id.* at p. 827, fn. 6.)

The Court of Appeal in *People v. O'Roark* (1998) 63 Cal.App.4th 872 (*O'Roark*) addressed a variation of the issue and reached the same holding. The defendant had suffered (among other priors) a 1987 conviction for bank robbery. (*O'Roark*, at p. 876.) Although the conviction occurred after the 1982 enactment of section 1192.7, the defendant argued it could not qualify as a strike "because bank robbery was not added to the list of serious felonies . . . until 1988." (*O'Roark*, at p. 877.) "Based on th[e] same reasoning" as in *Gonzales* and *Moenius*, the court held that "a prior serious felony conviction sustained before the offense resulting in that prior conviction was added to the list of serious felonies . . . may qualify as a strike if that

felony was in the list of serious felonies . . . on June 30, 1993." (*O'Roark*, at pp. 878–879.)

Finally, the defendant in *People v. James* (2001) 91 Cal.App.4th 1147 faced sentencing for various offenses committed on March 17, 2000. He had suffered prior convictions in 1994 for assault with a firearm (§ 245, subd. (a)(2)) and for shooting at an inhabited dwelling or other building or vehicle (§ 246). (*James*, at p. 1149.) Those prior convictions, at the time, "were serious felonies under Penal Code section 1192.7 only if the defendant personally used a firearm or inflicted great bodily injury" (*ibid.*), and there was apparently no allegation he had committed the prior offenses in that manner. In 2000, the passage of Proposition 21 added violations of section 245 and violations of section 246, with no limiting conditions or circumstances, to the list of "serious" felonies (§ 1192.7(c)(31), (33)) and updated the lock-in date to March 8, 2000. (*James*, at p. 1151.) The issue was whether the prior convictions qualified as strikes even if they were not serious felonies at the time of those convictions. The court held that the lock-in provision "require[s] that, if the current offense was committed on or after March 8, 2000, a determination whether a prior conviction alleged as a serious felony is a prior strike must be based on whether the prior offense resulting in that conviction was a serious felony within the meaning of the three strikes law on March 8, 2000." (*Ibid.*)

In sum, the case law above established three propositions regarding Three Strikes sentencing: First, the determination clause as originally enacted and as retained in section 667(d)(1) addresses whether a prior conviction is a felony or misdemeanor, not whether a prior felony is serious or violent. Second, the felony status of a prior conviction must be

determined not *on* the date of the prior conviction but *by reference to* the date of the prior conviction, and postconviction events cannot transform a felony into a misdemeanor except when the initial sentencing automatically converts a felony into a misdemeanor. Third, whether a prior felony conviction is for a "serious felony" or "violent felony" is determined by the list of felonies in section 1192.7(c) or section 667.5, subdivision (c) in effect on the lock-in date applicable to a defendant's current offense, even if the prior offense preceded the classification of those offenses as "serious" or "violent" felonies or was added to the list of felonies after the prior offense was committed.

**2.**

We now address Proposition 36's amendment of the initiative version of the determination clause in 2012. As noted, Proposition 36 added the words "serious or violent" to the phrase "prior felony conviction" so that the provision reads: "The determination of whether a prior conviction is a prior *serious or violent* felony conviction for purposes of this section shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor." (§ 1170.12(b)(1), as amended by Prop. 36, § 4, italics added.) The first part of the quoted sentence, in isolation, would seem to indicate that the determination of whether a prior felony is serious or violent must be made by reference to the date of conviction. That is what the Courts of Appeal in *Scott* and *People v. Gonzalez* concluded. But several considerations give us pause as to whether this is what the voters intended.

To begin with, it is curious that Proposition 36 made this change to the initiative version of the determination clause

(§ 1170.12(b)(1)) without making a parallel change to the legislative version of the same clause (§ 667(d)(1)), even as Proposition 36 made other changes throughout section 667, including various changes to section 667, subdivision (d). The fact that Proposition 36 amended the determination clause in the initiative version while retaining the original language in the legislative version makes it less than clear what the voters intended.

It is also notable that Proposition 36 left unchanged the remainder of the sentence containing the determination clause. That language, which says the determination at issue "is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor" (§ 1170.12(b)(1)), continues to focus on the felony character of a prior conviction, not whether a prior felony is serious or violent. Proposition 36 did amend the next sentence in the provision so that it now reads, with the changes indicated: "None of the following dispositions shall affect the determination that a prior <u>serious or violent</u> conviction is a ~~prior~~ <u>serious or violent</u> felony for purposes of this section: . . . ." (§ 1170.12(b)(1), as amended by Prop. 36, § 4.) This language also continues to focus on the felony character of a prior conviction, and Proposition 36 made no corresponding change to the legislative version of this sentence in section 667(d)(1).

As further context, we observe that apart from the determination clause, Proposition 36 made the same change — adding the words "serious or violent" to describe a prior felony conviction — multiple times throughout the legislative and initiative versions of the Three Strikes law. In each instance, the addition appears to have been a clarification that did not substantively alter the text's meaning. For example, one

provision previously said: "The prosecuting attorney may move to dismiss or strike a prior felony conviction allegation in the furtherance of justice pursuant to Section 1385, or if there is insufficient evidence to prove the prior conviction." (Former § 1170.12, subd. (d)(2); see former § 667, subd. (f)(2).) Proposition 36 amended it to read: "The prosecuting attorney may move to dismiss or strike a prior *serious or violent* felony conviction allegation in the furtherance of justice pursuant to Section 1385, or if there is insufficient evidence to prove the prior *serious or violent* conviction." (§ 1170.12, subd. (d)(2), italics added; see § 667, subd. (f)(2).) Another provision previously said: "Prior felony convictions shall not be used in plea bargaining, as defined in subdivision (b) of Section 1192.7. The prosecution shall plead and prove all known prior felony convictions and shall not enter into any agreement to strike or seek the dismissal of any prior felony conviction allegation except as provided in paragraph (2) of subdivision (d)." (Former § 1170.12, subd. (e); see former § 667, subd. (g).) Proposition 36 amended it to read: "Prior *serious or violent* felony convictions shall not be used in plea bargaining, as defined in subdivision (b) of Section 1192.7. The prosecution shall plead and prove all known prior *serious or violent* felony convictions and shall not enter into any agreement to strike or seek the dismissal of any prior *serious or violent* felony conviction allegation except as provided in paragraph (2) of subdivision (d)." (§ 1170.12, subd. (e); see § 667, subd. (g).) These additions did not alter the text's meaning because "a prior conviction of a felony" for purposes of the Three Strikes law had already been defined, since the law's inception, as a "serious felony" or "violent felony." (Former §§ 667(d)(1), 1170.12(b)(1).) In all, Proposition 36 added the phrase "serious or violent" to

describe a prior felony conviction 18 times throughout the legislative version and 21 times throughout the initiative version of the Three Strikes law. (Prop. 36, §§ 2, 4.)

These textual clues cast some doubt on whether the electorate intended to effect a substantive change in the law when it added the words "serious or violent" to the determination clause in section 1170.12(b)(1). That doubt is heightened by the fact that determining whether a prior felony is serious or violent by reference to the date of conviction would depart sharply from what a well-established body of case law had held — i.e., that the determination is to be made by reference to the enumerated list of serious felonies and violent felonies on the lock-in date applicable to a defendant's current offense. As explained above (*ante*, at pp. 10–14), the lock-in provision specifies the date that governs which version of the definition of serious felony (§ 1192.7(c)) or violent felony (§ 667.5, subd. (c)) is to be used in characterizing a defendant's prior conviction. If the determination clause were construed to require characterization of a prior felony as serious or violent by reference to the date of the prior conviction, it would be at odds with how the lock-in provision has long been understood.

The ballot materials accompanying Proposition 36 contain nothing that address the issue before us. (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) pp. 48–53.) Proposition 36 "was motivated in large measure by a determination that sentences under the prior version of the Three Strikes law were excessive." (*People v. Conley, supra*, 63 Cal.4th at p. 658.) "The overarching stated intent of the . . . Act appears threefold: 1. To '[r]estore the Three Strikes law to the public's original understanding by requiring life sentences only when a defendant's current conviction is for a violent or serious crime' (Voter Information

26

Guide, Gen. Elec., *supra*, text of Prop. 36, § 1, p. 105); 2. to punish a current felony more harshly, but in cases where the current offense is not a serious or violent felony, to moderate that harsher penalty by requiring a multiplied base term, as opposed to an indeterminate life term, unless an exception applies; and 3. to ensure, by virtue of those exceptions, that particularly designated repeat offenders receive a life sentence, even if the current offense is not [a] serious or dangerous felony." (*Henderson*, *supra*, 14 Cal.5th at p. 52, second alteration added.) The analysis by the Legislative Analyst and the arguments in favor of and against Proposition 36 focused on those purposes. (Voter Information Guide, Gen. Elec. (Nov. 6, 2012), pp. 48–53.) The ballot materials provide no indication that the electorate, whom we presume to be aware of existing laws (*Henderson*, at p. 50), intended to enact a major change in how courts applying the Three Strikes law are to determine whether a prior felony is serious or violent.

In *Henderson*, we likewise confronted an issue arising from an amendment that Proposition 36 made to the initiative version but not the legislative version of the Three Strikes law. (*Henderson*, *supra*, 14 Cal.5th at pp. 49–50.) Before Proposition 36, we had construed identical provisions in the two versions (former §§ 667, subd. (c)(6), (7), 1170.12, subd. (a)(6), (7)) to give a court discretion to impose either concurrent or consecutive sentences on a defendant's current convictions for multiple serious or violent felonies if those current felonies were committed on the same occasion. (*People v. Hendrix* (1997) 16 Cal.4th 508, 513–514.) Proposition 36 amended section 1170.12, subdivision (a)(7) — but not the parallel provision (§ 667, subd. (c)(7)) — in a manner that arguably removed this sentencing discretion and required consecutive

sentencing on all new serious or violent felony convictions, even if committed on the same occasion. (*Henderson*, at p. 49.) But we rejected that reading of the amended provision.

We first found the statutory text to be "ambiguous with respect to whether it requires that multiple qualifying felonies must be sentenced consecutively to each other." (*Henderson*, *supra*, 14 Cal.5th at p. 51, italics omitted.) We then observed that "[t]he debate over Proposition 36 did not feature a focus on the consecutive/concurrent discretion question. As a result, it is difficult to discern just what the electorate intended on this topic or whether they considered it at all." (*Id.* at p. 52.) Further, we reasoned: "We cannot say that the voters spoke with a clear voice on that topic, particularly when they took pains to make their intent much more manifest on other aspects of the reforms they adopted. . . . [¶] Had the drafters intended to change sentencing discretion in the same occasion/operative facts context, the drafters were clearly aware of how to make that intent clear. We also presume that the voters were aware of the longstanding *Hendrix* rule when they passed Proposition 36. 'Proposition 36 neither refers to *Hendrix* nor states its express intent to overrule longstanding Supreme Court precedent. . . .' We ' "cannot presume that . . . the voters intended the initiative to effect a change in law that was not expressed or strongly implied in either the text of the initiative or the analyses and arguments in the official ballot pamphlet." ' . . . In light of all these factors, we cannot discern a clear intent to withdraw discretion that has been recognized for a quarter century." (*Id.* at p. 53, citations omitted.)

Similarly here, we decline to infer an intent by the electorate to supersede established authority on how courts determine whether a prior felony conviction qualifies as serious

or violent. The meaning of Proposition 36's addition of "serious or violent" before the word "felony" in section 1170.12(b)(1) is ambiguous when the provision is considered in its entirety. And it is suggestive that this addition occurred among dozens of identical non-substantive changes that Proposition 36 made throughout both versions of the Three Strikes law. With no relevant indications in the ballot materials, we are unable to discern an intent to depart from over 15 years of settled law that had directed courts to determine whether a prior felony is serious or violent by reference to the enumerated lists in effect on the lock-in date applicable to a defendant's current offense. Nor can we discern any intent to otherwise disrupt the manner in which the lock-in provision had long operated, apart from changing the lock-in date to November 7, 2012. We conclude here, as we did in *Henderson*, that in light of the particular statutory provisions and background case law at issue, Proposition 36's amendment to the initiative version of the Three Strikes law did not effect a substantive change.

## C.

As the discussion above reveals, neither the lock-in provision nor the determination clause tells us what substantive law — whether it is current law or the law in effect at the time of a prior offense — applies to proving the elements of an alleged strike prior. We turn now to consider what can be gleaned from the varying articulations of serious felonies set out in section 1192.7(c).

We begin by observing that there is wide variation in how serious felonies are described in the 43 paragraphs of section 1192.7(c). The list predates the Three Strikes law and was originally enacted in 1982 with the passage of Proposition 8.

(Prop. 8, § 5.) From its inception, the list has not been confined to "discrete offenses" and has consisted of "an amalgam of different elements." (*People v. Jackson* (1985) 37 Cal.3d 826, 831, 832 (*Jackson*).) One paragraph "refers generally to 'any felony punishable by death or imprisonment . . . for life.' " (*Jackson*, at p. 832, quoting § 1192.7(c)(7).) Two paragraphs "incorporate enhancements which may attach to any felony," while others "describe criminal conduct which does not correspond precisely to the elements of any then-existing criminal offense." (*Ibid*.) We have construed these latter paragraphs " 'as referring not to specific criminal offenses, but to the criminal conduct described therein.' " (*People v. Cruz* (1996) 13 Cal.4th 764, 773 [discussing § 1192.7(c)(18), which defines "any burglary of the first degree" as a serious felony].)

Still other paragraphs of section 1192.7(c) make generic references to entire categories of offenses, regardless of degree. (E.g., § 1192.7(c)(1) ["[m]urder or voluntary manslaughter"].) And some paragraphs refer to a specific statutory offense, such as the one at issue here. (§ 1192.7(c)(28) ["any felony offense, which would also constitute a felony violation of Section 186.22"].) Even within this subcategory, the language of the statutory cross-reference varies. (Compare § 1192.7(c)(28) ["any felony offense, which would also constitute a felony violation of Section 186.22"] with § 1192.7(c)(40) ["any violation of Section 12022.53"].)

When the section 1192.7(c) list was first incorporated into the Three Strikes law, it contained offenses that had since been repealed. (*Jackson, supra*, 37 Cal.3d at p. 832.) Specifically, "[p]aragraph (12) refers to assault by a life prisoner on a noninmate, an offense based on section 4500, prior to amendment in 1977. Paragraph (10) refers to assault with

intent to commit rape or robbery . . . [which] was deleted as a distinct crime in 1978." (*Id.* at p. 832, fn. 7.) Inclusion of the two provisions seems to indicate that the serious felony determination for those offenses is to be made under the law at the time of the prior conviction. By contrast, we have suggested in dicta that various categories of prior serious felonies require an application of current law that takes into account any changes to the law defining the listed offense: "Often [the prior strike] determination is purely legal with no factual content whatever. . . . Section 1192.7, subdivision (c), lists some felonies that are per se serious felonies, such as murder, mayhem, rape, arson, robbery, kidnapping, and carjacking. If a defendant's prior conviction falls into this group, *and the elements of the offense have not changed since the time of that conviction*, then the question whether that conviction qualifies as a serious felony is entirely legal." (*People v. Kelii* (1999) 21 Cal.4th 452, 456, italics added.)

Given the substantial variation in how serious felonies are defined in section 1192.7(c), we proceed cautiously and focus on the provision at issue here, section 1192.7(c)(28). This provision was not included in the list of serious felonies in the original enactment of the Three Strikes law; it was added to the list with the passage of Proposition 21. (Prop. 21, § 17.) The language the voters used to add section 1192.7(c)(28) is distinctive. Whereas many paragraphs of section 1192.7(c) refer to other statutes with language that describes the offending conduct followed by the phrase "in violation of [a statute]" (e.g., § 1192.7(c)(33) ["discharge of a firearm at an inhabited dwelling, vehicle, or aircraft, in violation of Section 246"], (37) ["intimidation of victims or witnesses, in violation of Section 136.1"], (38) ["criminal threats, in violation of

Section 422"]),    section 1192.7(c)(28) employs the present conditional tense in naming "any felony offense, which would also constitute a felony violation of Section 186.22."  The phrase "would also constitute" (*ibid*.) suggests an inquiry under current law.  If the provision had been written to say "any felony offense, which also *constituted* a felony violation of Section 186.22" or "any felony offense, which also *was* a felony violation of Section 186.22," the proper inquiry might well be backward-looking.  But that is not the language the voters chose.

Our    dissenting    colleagues    do    not    disagree    that section 1192.7(c)(28) uses present-tense phrasing, but they resist the consequences that flow from the voters' choice to use such language.   It is true that the serious felony list was originally enacted in 1982 within a statute curtailing plea bargaining.  (Prop. 8, § 7 ["Section 1192.7 is added to the Penal Code, to read: [¶] . . .  [p]lea bargaining in any case in which the indictment  or  information  charges  any  serious  felony . . .  is prohibited"]; dis. opn., *post*, at pp. 12–13.)   But at least since section 1192.7(c)'s incorporation into the Three Strikes law, the import of section 1192.7(c)'s list of serious felonies has not been confined  to  the  plea  bargaining  context.   (*Ante*,  at  pp. 10–12 [detailing amendments to the serious felony list to expand the Three Strikes law's reach].)   In particular, when the voters added gang-related felonies to the list of serious felonies with the enactment of section 1192.7(c)(28), it is not the case that the voters'  sole  intent  was  to  restrict  pretrial  plea  bargaining discretion.  (Dis. opn., *post*, at pp. 19–20 ["the addition of gang-related felonies to the list of serious felonies for purposes of the prior  felony  enhancement  statute  and  the  Three  Strikes  law" reflected a desire to " 'punish[] recidivism' " for such crimes].)

The voters could have amended section 1192.7(c) with language that makes gang-related felonies immune from subsequent changes. Unlike section 1192.7(c)(28), some enhancements for prior convictions are written in a manner that requires a backward-looking inquiry. For example, the federal sentencing guidelines impose sentencing enhancements based on a defendant's "prior sentence." (U.S. Sentencing Guidelines, § 4A1.1 [assigning "points" for each "prior sentence" in calculating a defendant's criminal history category].) The guidelines define "prior sentence" to mean "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." (*Id.*, § 4A1.2, subd. (a)(1).) But California voters made a different choice in section 1192.7(c)(28) by requiring proof that a prior conviction "would also constitute a felony violation of Section 186.22" in order to qualify as a prior serious felony conviction. This phrasing is particular to section 1192.7(c)(28), and we express no view on the meaning of other paragraphs of section 1192.7(c).

Our reading of section 1192.7(c)(28) is bolstered by this court's recent interpretation of a simultaneously enacted cross-reference to section 186.22. In *Rojas*, we considered the reference to "subdivision (f) of Section 186.22" in the gang-murder special circumstance (§ 190.2, subd. (a)(22)), which was enacted along with section 1192.7(c)(28) in Proposition 21. (*Rojas*, *supra*, 15 Cal.5th at pp. 565, 570–572.) Citing established principles of construction, we explained that " ' "where the reference [to a law] is general instead of specific, such as a reference to a system or body of laws or to the general law relating to the subject in hand, the referring statute takes the law or laws referred to not only in their contemporary form,

but also as they may be changed from time to time . . . .” ’ ” (*Id.* at p. 570.) And “ ‘ “where a statute adopts by specific reference the provisions of another statute, regulation, or ordinance, such provisions are incorporated in the form in which they exist at the time of the reference and not as subsequently modified, and that the repeal of the provisions referred to does not affect the adopting statute, in the absence of a clearly expressed intention to the contrary.” ’ ” (*Ibid.*) The analysis also takes into account “ ‘other indicia of legislative intent.’ ” (*Ibid.*)

In construing the reference to “subdivision (f) of Section 186.22” in the gang-murder special circumstance (§ 190.2, subd. (a)(22)), we first noted that “the presence or absence of language referring specifically to a statutory or regulatory provision is not necessarily dispositive.” (*Rojas, supra,* 15 Cal.5th at p. 570.) Finding that “the words of the incorporating statute ‘do not make clear whether it contemplates only a time-specific incorporation,’ ” we then looked to Proposition 21’s uncodified findings and declarations. (*Rojas,* at p. 571.) These sources said “ ‘death should be available for murderers who kill as part of any gang-related activity’ ” because of the “ ‘unique threat’ ” gang violence poses to the public. (*Id.* at pp. 571–572, quoting Voter Information Guide, Primary Elec. (Mar. 7, 2000) text of Prop. 21, § 2, subd. (h), p. 119.) “To that end,” we said, “the electorate chose to impose a specific punishment for gang-related murder while relying on the generally applicable definition of ‘criminal street gang’ in section 186.22(f). . . . [T]he reference to section 186.22(f)’s definition of ‘criminal street gang’ in Proposition 21 is readily understood as a reference ‘to the general law relating to the subject in hand,’ and as such, ‘the referring statute takes the law . . . referred to not only in [its]

contemporary form, but also as [it] may be changed from time to time.' " (*Rojas*, at p. 572.)

Section 1192.7(c)(28)'s reference to "a felony violation of Section 186.22," enacted contemporaneously with the gang-murder special circumstance, is even more general than section 190.2, subdivision (a)(22)'s reference to "subdivision (f) of Section 186.22." Under the reasoning of *Rojas*, it "is readily understood as a reference" to section 186.22 " 'not only in [its] contemporary form, but also as [it] may be changed from time to time.' " (*Rojas*, *supra*, 15 Cal.5th at p. 572.) Our dissenting colleagues would distinguish *Rojas* based on a purported difference between "identif[ying]" and "adopt[ing]" section 186.22 by reference. (Dis. opn., *post*, at pp. 14, 15, fn. 4, italics omitted.) We see no basis in our case law for any such distinction.

In sum, the present conditional phrasing of section 1192.7(c)(28) and our reasoning in *Rojas* support the conclusion that current law (i.e., Assembly Bill 333) applies to the determination of whether a prior conviction qualifies as a prior serious felony conviction under section 1192.7(c)(28).

## D.

The Attorney General's briefing does not meaningfully rely on the text of the Three Strikes law. He contends that with the passage of Proposition 36 and the addition of the words "serious or violent" to the initiative version of the determination clause, "the electorate removed any possible ambiguity about whether [it] is directed to the prior offense's status as a serious or violent felony at the time of conviction." But tellingly, the Attorney General does not lead with this argument or give it much weight. He instead asserts that this case ultimately turns

on the "fundamentally backward-looking" nature of "recidivist laws," which increase punishment "based on a defendant's status" as a recidivist, and that no intervening change in the law can "negate a person's status as one who was previously convicted of a serious offense and therefore is deserving of increased punishment in a subsequent case." Our dissenting colleagues echo these arguments. (Dis. opn., *post*, at pp. 17–22.)

We do not dispute that the Three Strikes law is backward-looking in the sense that it authorizes harsher penalties for defendants who have previously been convicted of a serious or violent felony. But whether a defendant has suffered a prior conviction for a serious or violent felony is a determination made by courts in a *current* proceeding — i.e., when a defendant has been convicted of a new felony. (See *Sipe*, *supra*, 36 Cal.App.4th at p. 478 ["There is no reason . . . to require a court to determine whether a conviction may serve as a 'strike' unless and until the defendant commits another felony."]; *People v. Briceno* (2004) 34 Cal.4th 451, 465 ["section 1192.7(c)(28) turns any prior gang-related felony offense into a strike *if a defendant reoffends*" (italics added)].) That determination is backward-looking with regard to whether a prior conviction is for a felony or misdemeanor. (See *Moenius*, *supra*, 60 Cal.App.4th at p. 826 ["postconviction events will not transform a felony into a misdemeanor" apart from an initial sentencing that automatically effects such a conversion].) But it is not backward-looking, at least not in the same way, with regard to whether a prior felony conviction is for a serious or violent felony. (See *O'Roark*, *supra*, 63 Cal.App.4th at pp. 878–879 [a prior felony conviction "sustained before the offense resulting in that prior conviction was added to the list of serious felonies . . . may qualify as a strike if that felony was in the list of serious

felonies . . . on [the lock-in date applicable to the defendant's current offense]"].) General assertions about the backward-looking nature of antirecidivist laws do not take precedence over the statutory provisions that govern whether a prior conviction is a strike.

## III.

In addition to arguing that Assembly Bill 333 applies to the determination of whether the prosecution has proven that their 2015 convictions qualify as prior serious felony convictions under the Three Strikes law, Fletcher and Taylor argue that Assembly Bill 333 applies to the analogous determination under section 667(a) for their prior serious felony enhancements. We agree.

The prior serious felony enhancement under section 667(a) was enacted as part of Proposition 8. (Prop. 8, § 5.) Section 667(a)(1) provides in relevant part that "[a] person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately." A " 'serious felony' " is defined, as it is in the Three Strikes law, as "a serious felony listed in subdivision (c) of Section 1192.7." (§ 667(a)(4).) Prior serious felony enhancements, unlike strike priors, are not subject to the determination clause or the lock-in provision within section 667. (See §§ 667(d)(1) [the determination clause applies "for purposes of subdivisions (b) to (i), inclusive" of § 667], 667.1, subds. (a) & (b) [the lock-in date is applicable "to existing statutes in subdivisions (c) to (g), inclusive, of Section 667"].) In this case, we need not decide the effective date of the list of serious felonies

in section 1192.7 for purposes of section 667(a). Whether the applicable list is what section 1192.7 specifies today or what it specified on the lock-in date of November 7, 2012, section 1192.7(c)(28) has been on the list since 2000 (Prop. 21, § 17), and we have concluded that it requires an inquiry under current law. (*Ante*, at pp. 29–35.) Assembly Bill 333's amendments to section 186.22 thus apply to the current determination of whether the prosecution has proven the prior serious felony enhancement allegations in this case.

This reading of the prior serious felony enhancement is consistent with case law suggesting that the nickel prior and strike prior determinations are largely made in harmony, except for divergences that result from the application of the determination clause to one but not the other. (Cf. *People v. Ramirez* (1995) 33 Cal.App.4th 559, 567 ["Section 667, when viewed as a whole, is a comprehensive scheme for the sentencing of serious recidivists" such that the prior felony enhancement and the Three Strikes "provisions are not inconsistent with each other"]; *Park, supra*, 56 Cal.4th at pp. 802–803 [the reduction of a prior offense from a felony to a misdemeanor meant it could no longer support a nickel prior enhancement, but could still be used as a strike prior because of the determination clause].) Just as the Courts of Appeal considered whether felony convictions preceding the Three Strikes law could be used as strikes, we addressed whether felony convictions preceding Proposition 8 could be the basis for prior serious felony enhancements. (*Jackson, supra*, 37 Cal.3d at p. 833.) We "reject[ed]" the contention that serious felony enhancements under section 667(a) cannot be based on crimes that "antedated the enactment of Proposition 8." (*Jackson*, at p. 833.) "Section 667 plainly was intended to take account of antecedent

crimes; it includes in the list incorporated from section 1192.7 crimes which were repealed prior to the effective date of the initiative. . . . The basic purpose of the section — the deterrence of recidivism — would be frustrated by a construction which did not take account of prior criminal conduct." (*Ibid.*)

This language in *Jackson* was cited by the Court of Appeal in *Green* to arrive at a parallel interpretation of the determination clause. (*Green, supra*, 36 Cal.App.4th at p. 283.) The court "view[ed] the application of the 'three strikes' law as akin to the enactment of section 667, subdivision (a)." (*Ibid.*) Just as *Jackson* had held that section 667(a) "applied to prior felonies where the convictions antedated the effective date of that law," *Green* rejected defendant's reading of the determination clause to "mean[] that the court is to make the determination on the actual date of the prior conviction." (*Green*, at pp. 283, 282.) To find otherwise would have created a split between the analysis of strike priors and prior serious felony enhancements despite the fact that the two provisions contain the same definition of "serious" felonies by reference to section 1192.7(c) and have been repeatedly reenacted together. (See *People v. Ramirez, supra*, 33 Cal.App.4th at p. 567 ["When the Legislature amended [section 667]" to enact the Three Strikes law, "it reenacted the five-year enhancement provisions in the same statute as the new provisions"]; Prop. 36, § 2 [reenacting the entirety of § 667].) Here, as to the applicability of Assembly Bill 333, we construe the prior serious felony determination for section 667(a) in parallel with the analogous determination for the Three Strikes law.

**IV.**

In this case, the prosecution alleged that Fletcher and Taylor each suffered a prior conviction in 2015 for unlawful possession of a firearm (§ 29800, subd. (a)(1)) committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(A)).  The only evidence introduced to prove these allegations consisted of two abstracts of judgments — one for Fletcher and one for Taylor.  These abstracts of judgments show simply that Fletcher and Taylor were each convicted in 2015 for unlawful possession of a firearm (§ 29800, subd. (a)(1)) with an enhancement under section 186.22,  subdivision (b)(1)(A)).  They provide no information regarding the evidence used to obtain these convictions or Fletcher's or Taylor's underlying conduct.

To assess these strike prior allegations, we note that Fletcher and Taylor committed their current offenses in December 2020; we thus look to the list of "serious" felonies in section 1192.7(c) "as [it] read on November 7, 2012" to determine whether their 2015 prior convictions qualify as serious felonies for purposes of the Three Strikes law.  (§§ 667.1, subd. (a), 1170.125, subd. (a).)  On November 7, 2012, the list of "serious" felonies included "any felony offense, which would also constitute a felony violation of Section 186.22." (§ 1192.7(c)(28).)  To assess Fletcher's and Taylor's prior serious felony enhancements, we note that regardless of the effective date of the list of serious felonies under section 1192.7(c), the list includes "any felony offense, which would also constitute a felony violation of Section 186.22."  (§ 1192.7(c)(28); see § 667(a)(1), (4).)  As explained above, current law governs whether Fletcher's and Taylor's 2015 convictions "would also constitute" a felony violation of section 186.22 for purposes of

the Three Strikes law and prior serious felony enhancements. (§ 1192.7(c)(28).)

Under *Estrada* and *Tran*, the current law applicable to this nonfinal proceeding includes Assembly Bill 333's redefinition of the elements of gang offenses and enhancements under section 186.22. There is no indication that Fletcher's or Taylor's 2015 conviction was obtained under Assembly Bill 333's more stringent requirements, and the abstracts of judgment for their 2015 convictions do not alone prove the elements of the alleged prior serious felony and strike prior enhancements beyond a reasonable doubt. The appropriate remedy is reversal of the findings on these enhancements for retrial under the correct law. Although our dissenting colleagues say retrial is invariably "an exercise in futility" (dis. opn., *post*, at p. 22), we see no basis for such a speculative and categorical assertion in light of the many circumstances in which this issue may arise.

To be clear, although aspects of Fletcher's and Taylor's briefing suggest that the application of Assembly Bill 333 to the inquiry under section 1192.7(c)(28) is the product of *Estrada* principles, neither the meaning of the Three Strikes provisions we elucidate today nor our conclusion that section 1192.7(c)(28) requires an inquiry under current law involves an application of *Estrada*. *Estrada*'s applicability to this case is solely a function of the procedural posture of Fletcher's and Taylor's appeal: Their appeals were pending and their judgments were not final when Assembly Bill 333 went into effect.

Finally, as the Attorney General acknowledges, this application of Assembly Bill 333 does not alter the meaning of section 1192.7(c)(28) (see *ante*, at pp. 12–13) and therefore does not unconstitutionally amend Proposition 21. (Cf. *Rojas*, *supra*,

15 Cal.5th at pp. 570–572.) Nor does it unconstitutionally amend Proposition 36's establishment of November 7, 2012 as the lock-in date applicable to Fletcher's and Taylor's current offenses.

## CONCLUSION

Assembly Bill 333 applies to the determination of whether a prior conviction qualifies as a serious or violent felony under section 1192.7(c)(28) for purposes of the Three Strikes law and prior serious felony enhancements, and this application of Assembly Bill 333 does not unconstitutionally amend Proposition 21 or Proposition 36. We disapprove *People v. Scott, supra*, 91 Cal.App.5th 1176, *People v. Aguirre, supra*, 96 Cal.App.5th 488, and *People v. Gonzalez, supra*, 98 Cal.App.5th 1300 to the extent they are inconsistent with this opinion. We vacate the true findings that Fletcher's and Taylor's 2015 convictions qualify as prior serious felony convictions, and direct the Court of Appeal to remand the matter to the trial court for any retrial of those allegations, applying the elements of section 186.22 as amended by Assembly Bill 333.

**LIU, J.**

**We Concur:**

**KRUGER, J.**
**GROBAN, J.**
**EVANS, J.**

PEOPLE v. FLETCHER

S281282


Dissenting Opinion by Chief Justice Guerrero


The majority today holds that a prior conviction for a gang-related felony cannot support an increased sentence under the "Three Strikes" law or the prior serious felony enhancement statute unless the *prior* conviction satisfies *current* law defining a gang-related offense.  This novel standard is virtually impossible to meet, and it will nullify decades of prior convictions that would otherwise support enhanced sentences for repeat felony offenders.  It is also unsupported by the plain language of the relevant statutes and the intent of the voters and the Legislature that enacted them.  I cannot agree.

The statutes speak of a defendant "who previously has been convicted of a serious felony in this state" (Pen. Code, § 667, subd. (a)(1)) or who has suffered "one or more prior serious or violent felony convictions" (*id*., §§ 667, subd. (c), 1170.12, subd. (a)).[1]  By repeatedly invoking the concept of prior or previous convictions, the statutes necessarily and logically look backward to the conviction itself to determine its nature. " '[U]nder the three strikes law "when guilt is established, either by plea or verdict, the defendant stands convicted and thereafter has a prior conviction." ' " (*People v. Laino* (2004) 32 Cal.4th 878, 896 (*Laino*).)  Where a serious felony is described by reference to a violation of a particular statute — here,

---

[1]     Subsequent statutory references are to the Penal Code unless otherwise noted.

1

section 186.22 — a prior felony conviction for a violation of that statute is necessarily a prior serious felony conviction. A later amendment to the statute does not affect a *prior* conviction for violation of the statute. The prior conviction remains a prior conviction for a serious felony.

In enacting the Three Strikes law, the electorate ensured precisely this result, that is, a prior conviction for an offense or statutory violation identified as a serious felony would remain a prior serious felony conviction. The electorate locked in the list of serious felonies as of a certain date, thereby ensuring that future legislative enactments could not remove an identified felony from the list. (§§ 667.1, 1170.125.) The electorate plainly believed that a felony's inclusion on the list was determinative. Any felony violation of section 186.22, for example, is a serious felony because a felony violation of section 186.22 is listed as a serious felony. Subsequently changing the elements of a statute is of no consequence to a *prior* conviction for violation of the statute.

The purpose of the Three Strikes law and the prior serious felony enhancement statute is to deter recidivism by imposing longer prison sentences on defendants who have *previously* been convicted of a serious felony and go on to commit a new felony. It is a defendant's prior inability to refrain from criminal behavior that is determinative. As this court has long recognized, "The basic purpose of the section — the deterrence of recidivism — would be frustrated by a construction which did not take account of prior criminal conduct." (*People v. Jackson* (1985) 37 Cal.3d 826, 833 (*Jackson*).)

The majority eschews this straightforward analysis and embraces an obscure syntactical argument that no party has

raised.  The majority observes that the statute identifying a gang-related felony as a serious felony offense is phrased in the present conditional tense.  (See § 1192.7, subd. (c)(28) [referring to "any felony offense, which would also constitute a felony violation of Section 186.22"].)  The majority tepidly explains that this phrasing "suggests an inquiry under current law," and it contrasts this phrasing with hypothetical phrasing in the past tense.  (Maj. opn., *ante*, at p. 32; see *id*. at p. 33.)

The majority's reasoning does not withstand scrutiny.  To the extent it is meaningful, the present tense phrasing is compelled by its statutory context, which has nothing to do with prior convictions or recidivist sentencing schemes like the Three Strikes law.  The list of serious felonies appears in a different statute, which is concerned with restrictions on a prosecutor's ability to engage in plea bargaining over the felonies on the list. (§ 1192.7, subd. (a)(2).)  At that stage, prior to conviction, it is unknown whether a charged offense will also constitute a felony violation of section 186.22 based, for example, on a sentencing enhancement found true by the judge or jury.  The gang-related nature of the charged offense is necessarily conditional.  Its phrasing does not provide any support for the majority's view that a prior conviction should be judged against current law to determine whether it qualifies as a prior serious felony conviction.  Nor does the majority offer any other persuasive ground for viewing the statutes in this way.

Indeed, as noted, the majority's standard is virtually impossible to meet.  Determining the nature of the prior conviction can only be done by reference to the facts that "were necessarily found or admitted in the prior proceeding."  (*People v. Gallardo* (2017) 4 Cal.5th 120, 138 (*Gallardo*).)  It could never reflect a fact that was later added as a required element of an

offense or statutory violation. Under the majority's holding today, any felony conviction for a violation of section 186.22 that predates the recent amendments to the statute can no longer qualify as a prior serious felony conviction for purposes of the Three Strikes law or the enhancement statute. This result is plainly contrary to the intent of the statutes, and it allows the Legislature to accomplish what the electorate specifically sought to prohibit through the statute's lock-in provisions.

In this case, a jury convicted defendants Larry Lee Fletcher and Eric Anthony Taylor, Jr., of premeditated attempted murder and other felonies. In bifurcated proceedings, the trial court found that Fletcher had been convicted of one prior gang-related felony under section 186.22 and Taylor had been convicted of two prior gang-related felonies under section 186.22. Because felony violations of section 186.22 are identified by statute as serious felonies, each of these prior convictions was a prior serious felony conviction for purposes of the Three Strikes law and the prior serious felony enhancement statute. The majority's contrary holding is unsupported by the plain language of the statutes, impermissibly relieves Fletcher and Taylor from the consequences of their criminal history, and thwarts the clear purpose of the Three Strikes law and the serious felony enhancement statute to punish recidivist offenders like these defendants more harshly. I respectfully dissent.

## I. STANDARDS OF INTERPRETATION

Our standards for interpreting statutes and voter initiatives are well settled. For statutes, "our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the

statute's words, giving them a plain and commonsense meaning. [Citation.] We do not, however, consider the statutory language 'in isolation.' [Citation.] Rather, we look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]' [Citation.] That is, we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute . . . ." [Citation.]' [Citation.] We must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.' " (*People v. Murphy* (2001) 25 Cal.4th 136, 142.) "If, after this analysis, 'the statute is ambiguous, we may consider a variety of extrinsic aids,' including legislative history." (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1058.)

" 'In interpreting a voter initiative . . . we apply the same principles that govern statutory construction. [Citation.] Thus, "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] In other words, 'our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure.' " (*People v. Briceno* (2004) 34 Cal.4th 451, 459 (*Briceno*).)

## II.  STATUTORY TEXT

The prior serious felony enhancement statute provides, "A person convicted of a serious felony *who previously has been*

*convicted of a serious felony in this state* or of any offense committed in another jurisdiction that includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately." (§ 667, subd. (a)(1), italics added.) " '[S]erious felony' means a serious felony listed in subdivision (c) of Section 1192.7." (§ 667, subd. (a)(4).)

The Three Strikes law as enacted by the Legislature applies "if a defendant has been convicted of a felony and it has been pled and proved that the defendant *has one or more prior serious or violent felony convictions.*" (§ 667, subd. (c), italics added.) "[A] prior conviction of a serious or violent felony shall be defined as: [¶] (1) An offense defined in subdivision (c) of Section 667.5 as a violent felony or an offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor." (§ 667, subd. (d).)

The initiative version of the Three Strikes law similarly applies "if a defendant has been convicted of a felony and it has been pled and proved that the defendant *has one or more prior serious or violent felony convictions.*" (§ 1170.12, subd. (a), italics added.) The definition of "a prior serious or violent conviction of a felony" similarly references section 667.5, subdivision (c) and section 1192.7, subdivision (c). (§ 1170.12, subd. (b).) It goes on, "The determination of whether a prior conviction is a prior serious or violent felony conviction for

purposes of this section shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor." (*Id.*, subd. (b)(1).)

The statutes refer to a person "who previously has been convicted of a serious felony" (§ 667, subd. (a)(1)) or a person who "has one or more prior serious or violent felony convictions" (§§ 667, subd. (c), 1170.12, subd. (a)). Like the prior serious felony enhancement statute, "[t]he Three Strikes scheme comes into play when a defendant is charged with new felony offenses but has previously been convicted of designated serious or violent felonies." (*People v. Henderson* (2022) 14 Cal.5th 34, 43.) By invoking a previous or prior conviction, the statutes necessarily look backward. It is " ' "the nature of the *conviction* [that] is at issue" ' " (*Gallardo*, *supra*, 4 Cal.5th at p. 129), and the question for a trial court considering a prior conviction allegation is whether " '*the conviction* is of the type that subjects the defendant to increased punishment under California law' " (*id.* at p. 130). A court does not determine whether a defendant *may currently be* convicted of a specified offense; it determines whether a defendant *has been* convicted of the offense. " 'Indeed, it is settled that for purposes of a prior conviction statute, a conviction occurs at the time of entry of the guilty plea [or verdict].' " (*Laino, supra*, 32 Cal.4th at pp. 895–896.) Thus, " 'under the three strikes law "when guilt is established, either by plea or verdict, the defendant stands convicted and thereafter has a prior conviction." ' " (*Id.* at p. 896.)

Consistent with this approach, the initiative version of the Three Strikes law directs that "[t]he determination of whether a prior conviction is a prior serious or violent felony conviction for purposes of this section shall be made *upon the date of that*

*prior conviction.*" (§ 1170.12, subd. (b)(1), italics added.) In other words, a court must look to the date of the prior conviction to determine its nature, and it is not affected by subsequent developments. (*Ibid.*) It is undisputed, for example, that a conviction under a statute identified as a serious felony will remain a prior serious felony conviction even if the underlying statute is repealed. (*Jackson*, *supra*, 37 Cal.3d at p. 833.)[2]

Here, the relevant inquiry is whether the prior conviction was for "any felony offense, which would also constitute a felony violation of Section 186.22." (§ 1192.7, subd. (c)(28).) This definition includes the substantive offense of active participation in a criminal street gang (§ 186.22, subd. (a)) as well as "any felony offense committed for the benefit of a criminal street gang under the section 186.22[, subdivision] (b)(1) gang sentence enhancement." (*Briceno*, *supra*, 34 Cal.4th at p. 459.)

Where a serious felony is defined by reference to a specific offense or violation under California law, the application of this definition to a prior conviction is straightforward. (*People v. Guerrero* (1988) 44 Cal.3d 343, 346 [describing such application

---

[2] The majority devotes much of its discussion to this "determination" clause in the Three Strikes law, as well as the analogous clause in the legislative version. (Maj. opn., *ante*, at pp. 13–29; §§ 667, subd. (d)(2), 1170.12, subd. (b)(1).) The majority's focus is puzzling, since it believes neither clause "answers the question before us." (Maj. opn., *ante*, at p. 9; see *id.* at p. 29 [determination clause does not "tell[] us what substantive law — whether it is current law or the law in effect at the time of a prior offense — applies to proving the elements of an alleged strike prior"].) However, because the majority apparently finds the determination clause significant, I address the majority's points in part V, *post*.

as "unproblematical"].) The nature of the prior conviction is apparent. (See *People v. Alfaro* (1986) 42 Cal.3d 627, 631 [a prior conviction for a specific crime "unquestionably establishes guilt of that crime"].) The "mere fact of conviction" under the statute "prove[s] the offense was a serious felony." (*People v. Miles* (2008) 43 Cal.4th 1074, 1082.) Here, it is undisputed that defendants Fletcher and Taylor suffered prior felony convictions, and those prior felony convictions were for violations of section 186.22. Thus, under the plain language of the statutes, defendants have suffered a prior serious felony conviction. (§§ 667, subds. (a)(4), (d)(1), 1170.12, subd. (b)(1), 1192.7, subd. (c)(28).)

This conclusion is unaffected by the fact that section 186.22 has subsequently been amended by Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333) (Stats. 2021, ch. 699). " 'Assembly Bill 333 essentially adds new elements to the substantive offense and enhancements in section 186.22 — for example, by requiring proof that gang members "collectively engage" in a pattern of criminal gang activity, that the predicate offenses were committed by gang members, that the predicate offenses benefitted the gang, and that the predicate and underlying offenses provided more than a reputational benefit to the gang . . . .' " (*People v. Tran* (2022) 13 Cal.5th 1169, 1207.) But the addition of new elements through these amendments does not change the nature of defendants' prior convictions. They remain prior convictions for violations of section 186.22, and because violations of section 186.22 are listed as serious felonies, defendants' prior convictions still qualify as prior serious felony convictions under the Three Strikes law and the serious felony enhancement statute. In other words, as one lower court has explained,

Assembly Bill 333 "does not alter our understanding of the elements of the gang enhancement under the version of section 186.22 in effect at the time defendant's prior conviction became final, and therefore cannot change the status of defendant's prior conviction as a prior strike." (*People v. Gonzalez* (2024) 98 Cal.App.5th 1300, 1313, review granted Apr. 10, 2024, S284060 (*Gonzalez*).) "That [defendants'] alleged prior conviction might no longer qualify as a gang-enhanced felony under Assembly Bill No. 333's definitions is irrelevant." (*People v. Aguirre* (2023) 96 Cal.App.5th 488, 495, review granted Jan. 10, 2024, S282840.)

The majority's contrary conclusion fails to acknowledge the significance of a "prior" or "previous[]" conviction under the Three Strikes law and the prior serious felony enhancement statute. (§§ 667, subds. (a)(1), (c), 1170.12, subd. (b).) The question is not whether a defendant could *currently* be convicted of a gang-related felony under section 186.22, but whether a defendant has a *prior* conviction for a gang-related felony under that statute.[3] Here, defendants were previously convicted of

---

[3] The majority observes that, in *People v. Kelii* (1999) 21 Cal.4th 452, this court appeared to draw a distinction between the elements of an offense at the time of the prior conviction and the elements of an offense at the time of sentencing. (Maj. opn., *ante*, at p. 31.) We stated, "Section 1192.7, subdivision (c), lists some felonies that are per se serious felonies, such as murder, mayhem, rape, arson, robbery, kidnapping, and carjacking. If a defendant's prior conviction falls into this group, and the elements of the offense have not changed since the time of that conviction, then the question whether that conviction qualifies as a serious felony is entirely legal." (*Kelii*, at p. 456.) The meaning of this statement is unclear, and the majority correctly declines to rely on it. The

designated serious felonies, and Assembly Bill 333's subsequent legislative enactment does not wipe out those previous convictions.

The majority offers a wide-ranging discussion of the Three Strikes law and, to a lesser extent, the prior serious felony enhancement statute. But it does not base its holding on these statutes. (See fn. 2, *ante*; see also pt. V, *post*.) Instead, it finds dispositive the "present conditional tense" of the reference to section 186.22 in a different statute, section 1192.7, which contains the list of serious felonies. (Maj. opn., *ante*, at p. 32.) I disagree that the tense of this reference supports the majority's interpretation.

The relevant provision identifies "any felony offense, which would also constitute a felony violation of Section 186.22" as a serious felony. (§ 1192.7, subd. (c)(28).) The majority notes that this provision identifies a violation of section 186.22 in the

_____

statement would appear to apply where, as a result of a judicial interpretation of a statute, the prior understanding of the elements of a crime was no longer correct. Unlike legislative changes to a statute, a judicial interpretation of a statute declares what the law has always been. A prior conviction, even if final, is therefore subject to collateral attack on the grounds that the defendant's conduct is no longer prohibited under the statute as subsequently interpreted. (*In re Scoggins* (2020) 9 Cal.5th 667, 673–674; *People v. Mutch* (1971) 4 Cal.3d 389, 392.) Courts have held that a judicial reinterpretation of a statute may affect the treatment of a prior conviction for a violation of that statute. (See, e.g., *People v. Strike* (2020) 45 Cal.App.5th 143, 150.) This principle does not apply here because Assembly Bill 333 was enacted by the Legislature; it was not a judicial reinterpretation of an existing law. In any event, as the majority notes, our observation in *Kelii* was dicta and we did not consider the issue presented here. (Maj. opn., *ante*, at p. 31.)

present tense.  But this present-tense phrasing does not mean that a prior conviction for a violation of section 186.22 must satisfy the current version of that law in order to qualify as a prior serious felony conviction.  The phrasing does not relate to the prior conviction inquiry at all, and it does not say anything about the nature of the determination that is required by the separate Three Strikes law and serious felony enhancement statute.  To the extent the present and conditional phrasing is meaningful, it was plainly adopted to conform to the procedural context of the statute in which it appears.

Section 1192.7 addresses *plea bargaining* in cases where a serious or violent felony, or other significant offense, is alleged in an indictment or information.  (§ 1192.7, subd. (a).)  For serious felonies, plea bargaining is prohibited "unless there is insufficient evidence to prove the people's case, or testimony of a material witness cannot be obtained, or a reduction or dismissal would not result in a substantial change in sentence." (*Id.*, subd. (a)(2); see generally *People v. Barao* (2013) 218 Cal.App.4th 769, 775–776.)

Plea bargaining generally occurs prior to trial, before a defendant has been convicted.  At that point, a defendant may be facing felony charges, and the prosecution may allege a violation of section 186.22.  But whether a felony offense would also constitute a felony violation of section 186.22 is conditional on the findings of the trier of fact or the defendant's guilty plea. Section 186.22, subdivision (b) describes an additional term of imprisonment for gang-related felonies, but a trier of fact must make the required findings before a violation may be found.  The present conditional tense of the serious felony identification flows directly from the conditional nature of a section 186.22 violation at that stage and, perhaps, from the possibility that

the charging decision of the prosecutor may not be relevant to what "would also constitute" a violation. (§ 1192.7, subd. (c)(28).) The majority is incorrect that this phrasing indicates anything about whether a felony *conviction* can serve as a prior serious felony conviction where a felony violation of section 186.22 has been established. (See *Gonzalez*, *supra*, 98 Cal.App.5th at p. 1314, review granted [rejecting a similar argument].)

The majority suggests that the electorate would have used the past tense to identify a section 186.22 violation had it intended prior felony violations of section 186.22 to serve as prior serious felony convictions. It offers, as examples, " 'any felony offense, which also *constituted* a felony violation of Section 186.22' or 'any felony offense, which also *was* a felony violation of Section 186.22.' " (Maj. opn., *ante*, at p. 32.) But these past tense examples make no sense in the context of the statute in which this language appears. Prior to trial, it cannot be said that a felony offense *constituted* a felony violation of section 186.22 or *was* a felony violation of section 186.22 because no trier of fact has made that determination.

In any event, the majority is wrong to suggest that such past tense phrasing was required. "The Legislature [or electorate] need not use any 'magic words,' as long as its intent is clear." (*People v. Pacheco* (1985) 176 Cal.App.3d 100, 103; see *In re Mehdizadeh* (2003) 105 Cal.App.4th 995, 1004 ["The Supreme Court . . . has never prescribed any 'magic words' the Legislature or the electorate must use to make their purposes explicit"].) Here, the Three Strikes law and the prior serious felony enhancement statute each speak in terms of a defendant who "has one or more prior serious or violent felony convictions" (§§ 667, subd. (c), 1170.12, subd. (a)) or "who previously has

been convicted of a serious felony" (§ 667, subd. (a)(1)). This language makes clear that a *prior* conviction for a serious felony is determinative, not whether the prior conviction conforms to *current* law defining the felony.

The majority also cites the so-called reference canon to support its view that a prior conviction for a violation of section 186.22 must satisfy current section 186.22. (Maj. opn., *ante*, at pp. 33–35.) It posits that this reference is a general reference rather than a specific reference, and as such it " 'is readily understood as a reference' to section 186.22 ' "not only in [its] contemporary form, but also as [it] may be changed from time to time." ' " (Maj. opn., *ante*, at p. 35.) The extent of the majority's reliance on this principle is unclear, since it would appear to apply to other listed felonies, which the majority otherwise takes pains to distinguish. (Maj. opn., *ante*, at pp. 9, 31, 33.) In any event, assuming the majority believes this principle is relevant, the majority is mistaken. The reference canon does not apply to the issue under review here. The reference to section 186.22 in the list of serious felonies *identifies* a serious felony by reference to that section; it does not *adopt* the elements of section 186.22 for its own use.

This distinction is apparent from the lock-in provisions of the Three Strikes law. (§§ 667.1, 1170.125.) I agree with the majority that these provisions "serve[] to lock in the list of serious felonies in section 1192.7[, subdivision] (c) as it existed on the specified date" (maj. opn., *ante*, at p. 10) and they do not lock in "the elements of those felonies as they existed on the lock-in date" (*id*. at p. 13). But that means *the list* is significant, not the underlying elements of any listed offense. A conviction for a listed offense is a conviction for a serious felony, and a prior conviction for a listed offense is a prior serious felony conviction.

14

The elements of the underlying serious felony are irrelevant in this context. It is the fact of a conviction for a listed felony that is determinative.

The distinction between identification of a serious felony and adoption of the serious felony's elements is confirmed by the list's inclusion of offenses that have subsequently been repealed. Under the majority's view, and consistent with the reference canon the majority adopts, the repeal of the underlying statute defining the felony would mean that no prior conviction for that felony could serve as a prior serious felony conviction. The elements of the underlying felony would no longer exist, so there would be no way to satisfy them. The majority accepts that we have rejected this view, and it candidly admits that inclusion of these repealed felonies "seems to indicate that the serious felony determination for those offenses is to be made under the law at the time of the prior conviction." (Maj. opn., *ante*, at p. 31.) But it inexplicably fails to admit the obvious implication that other listed felonies should be treated the same way.[4]

Indeed, under the majority's view of the reference to section 186.22 as a general reference, the lock-in provisions

---

[4] The majority relies on *People v. Rojas* (2023) 15 Cal.5th 561 (maj. opn., *ante*, at pp. 33–35), but it does not support the majority's use of the reference canon here. The statute at issue in *Rojas* describes the gang-murder special circumstance in part by reference to the statutory definition of a criminal street gang. It provides, "The defendant intentionally killed the victim while the defendant was an active participant in a criminal street gang, as defined in subdivision (f) of Section 186.22, and the murder was carried out to further the activities of the criminal street gang." (§ 190.2, subd. (a)(22).) This statute plainly *adopts* the definition of a criminal street gang for its own purposes, i.e., proof of the gang-murder special circumstance.

would be almost meaningless. The Legislature could expand or contract the reach of any identified statute to add or remove offenses considered serious felonies, not only going forward but for all time. For example, one serious felony is identified as "any violation of Section 12022.53." (§ 1192.7, subd. (c)(40).) Section 12022.53 defines several sentencing enhancements for personal use of a firearm in connection with certain felonies. Under the majority's view, the Legislature could repeal and replace section 12022.53 with a prohibition on possessing a controlled substance or narcotic drug (see Health & Saf. Code, § 11350). Following such amendment, and notwithstanding the inclusion of Penal Code section 12022.53 on the list of serious felonies, prior convictions for violation of section 12022.53 could not serve as prior serious felony convictions under the Three Strikes law. By contrast, a prior felony conviction for possessing a controlled substance or narcotic drug *could* be a prior serious felony conviction. The lock-in provisions would no longer serve " 'to ensure measured implementation of which offenses may be used as strike priors.' " (Maj. opn., *ante*, at p. 12.) The list itself — which the Legislature and the electorate have treated as determinative — would become irrelevant. The majority identifies no persuasive basis for sanctioning this unpredictable and confusing approach.

In sum, based on the plain language of the Three Strikes law and the prior serious felony enhancement statute, a prior conviction for a felony violation of section 186.22 is a prior serious felony conviction. The statutes ask whether a defendant has *previously* been convicted of a serious felony, not whether a defendant's prior conviction would satisfy current law defining that felony. However, to the extent the language of the statutes allows any ambiguity in their operation, the purpose and intent

of the statutes — as well as the impossibility of the standard adopted by the majority — make clear that a defendant's prior conviction should not be judged against current law. I discuss these indications of legislative and voter intent in the next section.

## III.  PURPOSE AND INTENT

The Three Strikes law and the prior serious felony enhancement statute share the same purpose:  to deter recidivism by imposing longer sentences on defendants who have previously committed one or more serious felonies. (See *Jackson, supra,* 37 Cal.3d at p. 833 ["basic purpose" of the prior serious felony enhancement statute is "deterrence of recidivism"]; *People v. Dotson* (1997) 16 Cal.4th 547, 552 (*Dotson*) ["unambiguous purpose" of the Three Strikes Law "is to provide greater punishment for recidivists"].)

The prior serious felony enhancement statute (§ 667, subd. (a)) was adopted by the electorate in 1982 as part of Proposition 8 (Primary Elec. (June 8, 1982)).  "[T]he primary stated purpose of Proposition 8 is to deter the commission of crimes."  (*People v. Smith* (1983) 34 Cal.3d 251, 258.)  Its provisions were explicitly described as " 'necessary and proper as deterrents to criminal behavior and to serious disruption of people's lives.' "  (*Ibid.*, italics omitted.)  The prior serious felony enhancement statute, in particular, was intended "to discourage persons from repeating serious felonies."  (*People v. Armstrong* (1992) 8 Cal.App.4th 1060, 1068.)  In enacting the statute, the electorate "had the interest ' "expressed in all recidivist statutes, in dealing in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of

conforming to the norms of society as established by its criminal law." ' " (*Ibid.*)

When it enacted its version of the Three Strikes law, the Legislature declared, "It is the intent of the Legislature in enacting subdivisions (b) to (i), inclusive, to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of one or more serious or violent felony offenses." (§ 667, subd. (b).) The law was enacted as an urgency statute " 'to protect the public from the imminent threat posed by those repeat offenders.' " (*People v. Cartwright* (1995) 39 Cal.App.4th 1123, 1133, quoting Stats. 1994, ch. 12, § 2.)

Similarly, "the voters' stated intent" in enacting the initiative version of the Three Strikes law was " 'to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses.' " (*Dotson*, *supra*, 16 Cal.4th at p. 556, quoting Ballot Pamp., text of Prop. 184, Gen. Elec. (Nov. 8, 1994) p. 64.) "[T]he voters sought to deter recidivism or, in the vernacular of the ballot pamphlet, to keep 'career criminals . . . behind bars.' " (*People v. Nava* (1996) 47 Cal.App.4th 1732, 1738.) The initiative's focus on "[r]epeat [o]ffenders" was reflected in its ballot title: "Increased Sentences. Repeat Offenders. Initiative Statute." (Ballot Pamp., title of Prop. 184, at p. 32.) It was also reflected in the law's colloquial title, Three Strikes and You're Out, which refers to the consequences for a defendant who has two prior serious or violent felony convictions and is convicted of a third qualifying offense. (*People v. Vargas* (2014) 59 Cal.4th 635, 638.) "The typical third strike situation thus involves a criminal offender who commits a qualifying felony after having been

afforded two previous chances to reform his or her antisocial behavior, hence the law's descriptive baseball-related phrase, ' "Three Strikes and You're Out." ' " (*Ibid.*)

Further, in adopting Proposition 21 (Primary Elec. (Mar. 7, 2000)), which added gang-related felonies to the list of qualifying serious offenses, the voters reaffirmed this intent. In its uncodified findings and declarations section, Proposition 21 stated, "Vigorous enforcement and the adoption of more meaningful criminal sanctions, including the voter-approved 'Three Strikes' law, Proposition 184, has resulted in a substantial and consistent four year decline in overall crime." (Ballot Pamp., Primary Elec. (Mar. 7, 2000) text of Prop. 21, § 2, subd. (c), p. 119.) But, according to the initiative, juvenile and gang-related crime remained a serious threat. Thus, the initiative proposed "[d]ramatic changes" to the treatment of such crime, including the addition of gang-related felonies to the list of serious felonies for purposes of the prior felony enhancement statute and the Three Strikes law. (*Id.*, § 2, subd. (k), p. 119.) In the ballot argument in favor of the initiative, voters were informed that the initiative "strengthens anti-gang laws making violent gang-related felonies 'strikes' under the Three Strikes law." (*Id.*, argument in favor of Prop. 21, p. 48, capitalization omitted.)

As one lower court summarized, "The state has a compelling interest in controlling crime and preventing and punishing recidivism. [Citations.] California courts have repeatedly held that when a defendant's criminal conduct has been proven to be immune from ordinary modes of punishment, one of the duties of the judiciary is to protect the public by utilizing recidivist sentencing statutes to incarcerate such persons. [Citations.] *The habitual offender finding concerns the*

19

*status of the defendant as one who has not in the past obeyed the law.* [Citation.] [¶] The three strike laws were enacted to promote this compelling interest in the protection of public safety and in punishing recidivism." (*People v. Castello* (1998) 65 Cal.App.4th 1242, 1250–1251, italics added.)

The statutes' unambiguous focus on recidivism and deterrence supports an interpretation that gives effect to a defendant's prior conviction for a serious felony. The purposes of these statutes would be frustrated if they were interpreted to require prior convictions to satisfy current law in order to qualify as prior serious or violent felony convictions. (See *Jackson, supra,* 37 Cal.3d at p. 833 ["The basic purpose of the section — the deterrence of recidivism — would be frustrated by a construction which did not take account of prior criminal conduct"].) Recidivist offenders would be punished not based on their prior convictions, but on the retrospective application of current law. This result would be plainly contrary to the intent of the statutes to impose longer sentences based on a defendant's prior inability to follow the law.

My interpretation of the Three Strikes law and the prior serious felony enhancement statute is also consistent with well-settled principles governing recidivist statutes more generally. For example, in *People v. McConnell* (1937) 20 Cal.App.2d 196, the Court of Appeal rejected an argument, similar to the argument here, that a prior conviction for violation of a certain statute could no longer serve as a prior conviction following an amendment to the statute. The prior conviction at issue was a prior felony conviction for grand larceny. (*Id.* at p. 197.) After the defendant suffered the prior conviction, the Legislature raised the threshold for grand larceny, such that the amount of the prior theft no longer supported a felony conviction. (*Ibid.*)

The defendant contended the current version of the statute applied retroactively to his prior conviction. (*Ibid*.)  The court found "no merit in this contention." (*Ibid*.)  The relevant recidivist statute "contains no provision that the prior felony must be such an offense at a subsequent date of prosecution. The date of conviction, therefore, is the time to be considered in determining whether or not the offense was a felony at the subsequent trial." (*Ibid*.)  We discussed and approved of this reasoning in *In re Harincar* (1946) 29 Cal.2d 403, 407.

More recently, the United States Supreme Court unanimously held that an ameliorative change to federal law — removing a drug from the schedule of controlled substances — would not affect a recidivist allegation based on a prior federal conviction involving the drug. (*Brown v. United States* (2024) 602 U.S. 101, 112 (maj. opn. of Alito, J.) ["Any crime contained in the [Controlled Substances Act (CSA)] is an offense 'under the [CSA].'  The standard 'Judgment in a Criminal Case' used in federal courts indicates whether a defendant was convicted and sentenced for such an offense, and a later change in a federal drug schedule cannot change that fact" (fn. omitted)]; *id*. at p. 136 (dis. opn. of Jackson, J.) ["As the majority notes, this definition turns solely on 'whether a defendant was convicted and sentenced for such an offense, and a later change in a federal drug schedule cannot change that fact' "].)

Similarly, in *McNeill v. United States* (2011) 563 U.S. 816, the high court considered whether a prior conviction that qualified as a " 'serious drug offense' " under the Armed Career Criminal Act (18 U.S.C. § 924(e); ACCA) was affected by a subsequent amendment to the statute of conviction. (*McNeill*, at p. 817.)  The high court unanimously held that it was not. The court explained, "The statute requires the court to

determine whether a 'previous convictio[n]' was for a serious drug offense. The only way to answer this backward-looking question is to consult the law that applied at the time of that conviction." (*Id*. at p. 820.) Even though the ACCA phrases the inquiry in the present tense, the statute "is concerned with convictions that have already occurred." (*McNeill*, at p. 820.) Thus, whether the prior conviction satisfied the ACCA's definitions "can only be answered by reference to the law under which the defendant was convicted." (*McNeill*, at p. 820.)

Here, too, the Three Strikes law and the prior serious felony enhancement statute are concerned with convictions that have already occurred, i.e., prior convictions. At issue is the nature of the prior conviction (*Gallardo*, *supra*, 4 Cal.5th at p. 129), not whether the prior conviction conforms to current law defining the offense. The nature of the prior conviction is determined by looking at the conviction itself, as of the date of its imposition. It is not affected by subsequent amendments to the statute of conviction.

## IV. THE MAJORITY'S IMPOSSIBLE STANDARD

The majority's interpretation of the Three Strikes law and the prior serious felony enhancement statute is unsupported by the plain language of the statutes and the intent of the Legislature and voters that enacted them. But, more fundamentally, it is virtually impossible to meet. The majority remands the matter to the trial court "for any retrial of [the prior conviction] allegations, applying the elements of section 186.22 as amended by Assembly Bill 333." (Maj. opn., *ante*, at p. 42.) What goes unacknowledged by the majority is that any such retrial would be an exercise in futility. A conviction for a violation of section 186.22 prior to its amendment could *never*

satisfy the elements of section 186.22 as amended by Assembly Bill 333.

The determination of whether a prior conviction is a prior serious felony conviction under the Three Strikes law or the prior serious felony enhancement statute is made by the trial court based on the record of conviction. (*Gallardo*, *supra*, 4 Cal.5th at pp. 125, 138.) " ' "[B]ecause the nature of the *conviction* is at issue, the prosecution is not allowed to go outside the record of conviction to 'relitigat[e] the circumstances of a crime committed years ago . . . .' " ' " (*Id.* at p. 129.) Moreover, "[t]he court's role is . . . limited to identifying those facts that were established by virtue of the conviction itself — that is, facts the jury was necessarily required to find to render a guilty verdict, or that the defendant admitted as the factual basis for a guilty plea." (*Id.* at p. 136.)

A conviction for a violation of section 186.22 prior to its amendment by Assembly Bill 333 necessarily establishes only those facts that were required by the statute prior to its amendment. Such a conviction could never establish the elements that were added by Assembly Bill 333 because they were not yet in effect. The majority does not explain how a trial court, reviewing such a conviction, could ever find that the conviction satisfied the elements of section 186.22 as amended by Assembly Bill 333.

This result confirms that the majority's interpretation of the Three Strikes law and the prior serious felony enhancement statute is incorrect. The Legislature and the electorate made clear their intent to punish recidivist offenders more harshly. The majority's holding today runs directly counter to that intent. The electorate also made clear through the lock-in

provisions that the list of serious felonies must be preserved and could not be changed except by further initiative or legislative supermajority. The majority's holding today effectively nullifies that directive. Based only on a legislative enactment, which does not even amend the recidivist statutes at issue here, the majority wipes away decades of prior convictions for a listed serious felony offense. Defendants who suffered these prior convictions, like Fletcher and Taylor here, will not be subject to increased punishment notwithstanding their recidivism. They will be treated as if they had no such history. The Legislature and the electorate could not have intended this result.[5]

## V. THE MAJORITY'S UNPERSUASIVE REASONING

The majority's slip opinion spans some 40 pages, but precious little of the opinion actually provides affirmative support for its interpretation of the Three Strikes law and the prior serious felony enhancement statute. The bulk of the opinion — from page 9 through page 29 — addresses two portions of the Three Strikes law, the lock-in provisions and the determination clauses. But, in the majority's estimation, neither "answers the question before us" or "tells us what substantive law . . . applies to proving the elements of an alleged strike prior." (Maj. opn., *ante*, at pp. 9, 29.) The majority mentions other portions of the Three Strikes law and the prior

---

[5] "A person," like defendant Taylor here, "who has committed and been convicted of two serious or violent felonies before the instant offense is a recidivist who has engaged in significant antisocial behavior and who has not benefited from the intervention of the criminal justice system. He is the prototype of the repeat offender for whom the three strikes legislation was drafted." (*People v. Cooper* (1996) 43 Cal.App.4th 815, 829.)

serious felony enhancement statute, but it does not attempt to ground its interpretation in the statutes' text. Nor does the majority defend its interpretation by reference to any evidence of legislative or voter intent. The core of the majority's analysis, therefore, is surprisingly hollow.

The majority's affirmative points consist solely of the "present conditional tense" phrasing of the reference to section 186.22 in the separate statute defining serious felonies (maj. opn., *ante*, at p. 32) and, potentially, the interpretive doctrine known as the reference canon (*id.* at pp. 33–35). I have explained why neither is persuasive in part II, *ante*.

But, as noted, the majority chooses to include in its opinion extensive commentary, of uncertain significance, that extends beyond these affirmative points, primarily concerning the lock-in provisions and the determination clauses. The majority justifies its decision by claiming that "the parties and various Courts of Appeal" have relied on these provisions and suggested they are dispositive. (Maj. opn., *ante*, at p. 8.) While it is true the Courts of Appeal have relied on these provisions, the parties in their briefing before this court have not. Defendants primarily base their arguments on the retroactivity rule of *In re Estrada* (1965) 63 Cal.2d 740, which the majority rightly rejects. (Maj. opn., *ante*, at p. 41.) The Attorney General bases his arguments on the text, structure, and purpose of the statutes. As the majority itself explains, the Attorney General believes the lock-in provisions do not affect " 'the basic principles governing how courts make the serious felony determination.' " (Maj. opn., *ante*, at p. 12.) As to the determination clauses, the Attorney General believes they support his position, but the majority correctly notes he "does not lead with this argument or give it much weight." (Maj. opn., *ante*, at p. 35.) The Attorney

General explains that even if the interpretation of the determination clauses adopted by the majority were correct, "that would not affect the analysis" because it simply means the determination clauses do not control.

The Attorney General's approach is correct. The majority concludes that the determination clauses concern only how a court determines whether a prior conviction is a felony or a misdemeanor conviction. Thus, even if this conclusion were correct, it does not inform how a court should make the prior serious felony determination at issue here. It does not provide affirmative support for the majority's position.

Moreover, there is ample reason to believe the majority's interpretation of the determination clauses is incorrect. As an initial matter, the majority misperceives the broader statutory scheme that was in effect at the time of the authorities it reviews. Prior to the passage of Proposition 36 (Gen. Elec. (Nov. 6, 2012)) (Proposition 36), neither the legislative nor the initiative version of the Three Strikes law used the phrase "prior serious and/or violent felony" in defining eligible prior convictions. Instead, each statute described an eligible prior conviction as a "prior felony conviction[]" as defined therein.

The legislative version stated, "Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more *prior felony convictions* as defined in subdivision (d), the court shall adhere to each of the following . . . ," and it went on to describe the Three Strikes law's sentencing provisions. (Former § 667, subd. (c), enacted by Stats. 1994, ch. 12, § 1, p. 71 italics added.) Former subdivision (d) stated, "Notwithstanding any other law and for purposes of

26

subdivisions (b) to (i), inclusive*,* a *prior conviction of a felony* shall be defined as:  [¶]  (1)  Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. The determination of whether a prior conviction is a *prior felony conviction* for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor."      (Former § 667,   subd. (d),   enacted   by Stats. 1994, ch. 12, § 1, p. 71, italics added.)

Similarly, the initiative version stated, "Notwithstanding any other provision of law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one   or   more   *prior   felony   convictions*,   as   defined   in subdivision (b), the court shall adhere to the following . . . ." (Former § 1170.12, subd. (a), enacted by Prop. 184, as approved by voters, Gen. Elec. (Nov. 8, 1994) § 1, italics added.)  Former subdivision (b) stated, "Notwithstanding any other provision of law and for purposes of this section, a *prior conviction of a felony* shall be defined as:  [¶]  (1)  Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. The determination of whether a prior conviction is a *prior felony conviction* for purposes of this section shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing,   converts   the   felony   to   a   misdemeanor." (Former § 1170.12, subd. (b), enacted by Prop. 184, as approved by voters, Gen. Elec. (Nov. 8, 1994) § 1, italics added.)

Thus, as originally enacted, the language of the determination clauses ("prior felony conviction") matched the language of the rest of the statutes describing the felony offenses at issue ("prior felony convictions" or "prior conviction of a felony"). The "determination of whether a prior conviction is a prior felony conviction" covered the entire eligibility determination, including whether the prior conviction was a "prior felony conviction" as defined in the statute, i.e., a conviction for a prior serious or violent felony. (Former §§ 667, subd. (c), (d), 1170.12, subds. (a), (b).) This determination "shall be made upon the date" of the prior conviction, i.e., without regard to subsequent developments. (Former §§ 667, subd. (d), 1170.12, subd. (b).)

As the majority notes, Proposition 36 amended the determination clause of the initiative version of the Three Strikes law but not the legislative version. (Maj. opn., *ante*, at p. 23.) By ignoring the history of these statutes, however, the majority draws a conclusion that is precisely the opposite of what the electorate intended.

Proposition 36 added the phrase "serious and/or violent" felony throughout both versions of the Three Strikes law. (Prop. 36, §§ 1, 4.) With subsequent stylistic changes, the legislative version now states, "Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more *prior serious or violent felony convictions* as defined in subdivision (d), the court shall adhere to each of the following . . . ," and it went on to describe the Three Strikes law's sentencing provisions. (§ 667, subd. (c), italics added.) The initiative version now states, "Notwithstanding any other provision of law, if a defendant has been convicted of a felony and it has been pled and proved that

28

the defendant has one or more *prior serious or violent felony convictions*, as defined in subdivision (b), the court shall adhere to the following . . . ." (§ 1170.12, subd. (a), italics added.) Similarly, in each version, the subdivision defining an eligible offense refers to "a prior conviction of a serious or violent felony" or "a prior serious or violent conviction of a felony," rather than simply a prior conviction of a felony. (§§ 667, subd. (d), 1170.12, subd. (b).)

Viewed in context, the addition of the phrase "serious and/or violent" (now "serious or violent") to the initiative version of the determination clause is consistent with the general clarification in Proposition 36 that the prior convictions subject to the Three Strikes law are prior serious or violent felony convictions. The prior versions of the Three Strikes law referred to prior felony convictions, as specifically defined, but the versions after Proposition 36 refer specifically to prior serious or violent felony convictions.

The initiative version of the determination clause reflects this clarification: "The determination of whether a prior conviction is a *prior serious or violent felony conviction* for purposes of this section shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor." (§ 1170.12, subd. (b)(1).) As the majority admits, this language indicates that "the determination of whether a prior felony is serious or violent must be made by reference to the date of conviction." (Maj. opn., *ante*, at p. 23.)

The majority discounts this reading because a parallel change was not made to the legislative version of the

29

determination clause. (Maj. opn., *ante*, at pp. 23–24; see § 667, subd. (d)(1).) But, as the history of the statutes shows, the change made to the initiative version is consistent with the meaning of the statutes from their enactment. I agree with the majority that the addition of "serious and/or violent" (now "serious or violent") throughout both versions of the statute "appears to have been a clarification that did not substantively alter the text's meaning." (Maj. opn., *ante*, at p. 24.) The problem is the majority never explores what the text's meaning originally was. As noted, as originally enacted, the determination clause in both versions of the Three Strikes law covered the entire determination regarding whether a prior conviction was an eligible prior felony conviction. This scope is unchanged following Proposition 36, and it is explicitly captured by Proposition 36's clarifying amendment to the initiative version.

The majority claims this interpretation of the determination clause "would depart sharply from what a well-established body of case law had held — i.e., that the determination is to be made by reference to the enumerated list of serious felonies and violent felonies on the lock-in date applicable to a defendant's current offense." (Maj. opn., *ante*, at p. 26.) The majority is incorrect. The determination clause states that the determination "shall be made upon the date of that prior conviction" (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1)), but it does not require the determination to occur on that date or as of that date. The court instead refers to the date of the prior conviction to determine the nature of the prior conviction, both as a felony or misdemeanor (as the majority concludes) *and* as a prior serious or violent felony offense as identified in the lists in effect pursuant to the lock-in provisions. A defendant

who was convicted of a listed serious or violent felony prior to the enactment of the Three Strikes law is still subject to its provisions. A court refers to the date of the prior conviction to determine its character, but the court employs the list of serious and violent felonies in effect through the operation of the Three Strikes law's lock-in provisions to determine the law's applicability.

This conclusion is supported by the remaining text of the determination clause itself. Most of the circumstances listed as examples of dispositions that do not affect the determination required by the statute are circumstances that do not affect the felony or misdemeanor character of the offense. For example, the first and second circumstances are "[t]he suspension of imposition of judgment or sentence" and "[t]he stay of execution of sentence." (§§ 667, subd. (d)(1)(A), (B), 1170.12, subd. (b)(1)(A), (B).) These circumstances do not reduce a felony offense to a misdemeanor offense. The third circumstance, "[t]he commitment to the State Department of State Hospitals as a mentally disordered sex offender following a conviction of a felony," is expressly predicated on a felony conviction. (§§ 667, subd. (d)(1)(C), 1170.12, subd. (b)(1)(C).) If the determination contemplated by the determination clause were limited to the felony or misdemeanor character of the offense, as the majority concludes, these examples would be unnecessary. Their inclusion shows that the determination contemplated by the clause extends to the entire eligibility determination under the Three Strikes law.

This interpretation of the determination clause is supported by *People v. Reed* (1995) 33 Cal.App.4th 1608, *People v. Anderson* (1995) 35 Cal.App.4th 587, and *People v. Butler* (1996) 43 Cal.App.4th 1224. In each of those cases, a defendant

suffered a prior conviction before the effective date of the Three Strikes law. Each defendant argued that the determination clause required a determination on the date of the prior conviction that the prior conviction was a prior serious or violent felony. (*Reed*, at p. 1609; *Anderson*, at p. 600; *Butler*, at p. 1246.) Each court rejected this argument as contrary to the intent of the statute. *Reed* examined the word "upon" in the determination clause and concluded it most naturally meant " 'with reference' to something." (*Reed*, at p. 1611.) Thus, "the determination whether an offense is a 'strike' must be made *with reference* to the date of the prior conviction, and not with reference to the sentence subsequently imposed for the prior (unless the sentence converts the offense to a misdemeanor)." (*Ibid.*; accord, *Butler*, at p. 1246.) Similarly, *Anderson* explained, "Clearly, the Legislature intended that the qualifying status of a conviction would be fixed upon the date of the prior conviction, so that no subsequent actions, including those listed in [section 667,] subdivision (d)(1)(A)–(D), could alter that status. . . . The Legislature did not intend that the qualifying status need be *declared* on the date of conviction, only that the status would be determined in reference to that date." (*Anderson*, at pp. 600–601, italics added; see *People v. Green* (1995) 36 Cal.App.4th 280, 283.)

The majority reviews several Court of Appeal opinions that articulate the felony-misdemeanor distinction the majority adopts today (maj. opn., *ante*, at pp. 14–22), but these opinions likewise considered only the effect of the Three Strikes law on convictions suffered before its enactment (or before a felony was added to the list of serious or violent felonies). (See *People v. James* (2001) 91 Cal.App.4th 1147, 1149–1150; *People v. O'Roark* (1998) 63 Cal.App.4th 872, 875; *People v. Moenius*

(1998) 60 Cal.App.4th 820, 822; *People v. Turner* (1995) 40 Cal.App.4th 733, 738; *Gonzales v. Superior Court* (1995) 37 Cal.App.4th 1302, 1306; *People v. Sipe* (1995) 36 Cal.App.4th 468, 477.) None of these opinions considered whether a subsequent amendment to a statute of conviction would affect the eligibility of the prior conviction for enhanced punishment under the Three Strikes law, and none of these opinions considered the textual arguments described above. They are therefore unpersuasive for purposes of our analysis here.

As noted, however, even if the majority were correct that the determination clause addresses only whether the prior conviction is a felony or a misdemeanor, the consequence is simply that the determination clause is irrelevant to the issue before the court. It does not provide any affirmative support for the majority's interpretation of the Three Strikes law or the prior felony enhancement statute. It should still be rejected as inconsistent with the text of the statutes, their intent and purpose, and well-established principles governing recidivist statutes more generally.

## VI. CONCLUSION

The Three Strikes law and the prior serious felony enhancement statute refer to *prior* serious felony convictions and defendants *previously* convicted of a serious felony. This language is purposeful. It reflects the statutes' focus on recidivism, i.e., a defendant's prior inability to follow the law. The majority's holding today turns this focus on its head. A defendant's prior ability to follow the law is no longer determinative. Instead, a defendant's *prior* conviction must satisfy *current* law. This standard is not only virtually impossible to meet, but it contradicts the plain language of the

statutes and the intent of the voters and Legislature that enacted them.

In this case, the majority's holding means that Fletcher and Taylor, who indisputably were convicted of prior serious felony offenses, will be treated as if they had no such convictions. The majority's holding ignores the obvious contradiction between this result and the clear intent of the Legislature and the electorate. The majority claims the authority to change the Three Strikes law under the guise of interpreting it, and in so doing it reaches a result the Legislature did not enact and the voters did not intend. I respectfully dissent.

**GUERRERO, C. J.**

**We Concur:**

**CORRIGAN, J.**
**JENKINS, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion**  People v. Fletcher

_____

**<u>Procedural Posture</u>** (see XX below)
**Original Appeal**
**Original Proceeding**
**Review Granted (published)** XX 92 Cal.App.5th 1374
**Review Granted (unpublished)**
**Rehearing Granted**

_____

**Opinion No.** S281282
**Date Filed:** August 25, 2025

_____

**Court:**  Superior
**County:**  Riverside
**Judge:**  Louis R. Hanoian

_____

**Counsel:**

Michael C. Sampson, under appointment by the Supreme Court, and Jean Ballantine, under appointment by the Court of Appeal, for Defendant and Appellant Larry Lee Fletcher.

Stephen M. Lathrop, under appointment by the Supreme Court, for Defendant and Appellant Eric Anthony Taylor, Jr.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Michael R. Johnsen, Daniel Rogers, Amanda Lloyd, Adrian R. Contreras, Paige B. Hazard, Alan L. Amann, Warren J. Williams and Britton B. Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Michael C. Sampson
Attorney at Law
7960B Soquel Drive, #117
Aptos, CA 95003
(831) 251-4506

Stephen Lathrop
Attorney at Law
904 Silver Spur Road #430
Rolling Hills Estates, CA 90274
(310) 237-1000 ext. 3

Britton B. Lacy
Deputy Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101
(619) 738-9119